Steven L. Procaccini
Charles P. Kennedy
Stephen F. Roth
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Defendant Digital Licensing Technology LLC*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC., | : |
| Plaintiff, | : Civil Action No. 07-10436 |
| | : (CLB)(GAY) |
| v. | : |
| | : District Judge Charles L. Brieant |
| DIGITAL TECHNOLOGY LICENSING LLC, | : |
| Defendant. | : |
| DIGITAL TECHNOLOGY LICENSING LLC, | x |
| Third-Party Plaintiff, | : |
| v. | : |
| SPRINT NEXTEL CORPORATION, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, and T-MOBILE USA, INC. | : |
| Third-Party Defendants. | : |
| | x |

**DIGITAL TECHNOLOGY LICENSING LLC'S
ANSWER, AFFIRMATIVE DEFENSES, THIRD-PARTY
<u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>**

829132_1.DOC

Defendant Digital Technology Licensing LLC ("DTL"), a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740, by and through its counsel, responds to the allegations contained in the Complaint by plaintiff Motorola, Inc. ("Motorola") as follows:

## PARTIES

1. Admitted.

2. Admitted.

## NATURE OF ACTION

3. DTL admits the allegation contained in paragraph 3 of the Complaint, despite DTL's belief that Motorola's claims are meritless.

## JURISDICTION

4. Admitted.  However, DTL reserves the right to file a motion to transfer this action to the District of New Jersey where all the pending actions involving this patent reside.

## VENUE

5. DTL denies that venue is proper as other cases in which the parties are involved are pending in the District of New Jersey.

## FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted.

9. DTL is without sufficient information to form a belief as to the statements in paragraph 9 of the Complaint and therefore denies them.

10. DTL denies the allegations contained in paragraph 10 of the Complaint but admits there is a controversy.

## COUNT I

### (Declaratory Judgment Action For A Declaration Of Non-Infringement, Invalidity And Unenforceability Of U.S. Patent No. 5,051,799)

11. DTL repeats, realleges, and incorporates herein the statements made with respect to plaintiff's allegations contained in paragraphs 1-10 hereof.

12. Admitted.

13. DTL denies the allegations contained in paragraph 13 of the Complaint.

14. DTL denies the allegations contained in paragraph 14 of the Complaint.

15. DTL denies the allegations contained in paragraph 15 of the Complaint.

16. DTL denies the allegations contained in paragraph 16 of the Complaint.

17. DTL denies the allegations contained in paragraph 17 of the Complaint.

18. DTL denies the allegations contained in paragraph 18 of the Complaint.

19. DTL denies the allegations contained in paragraph 19 of the Complaint.

20. DTL denies the allegations contained in paragraph 20 of the Complaint.

## **FIRST AFFIRMATIVE DEFENSE**

The claims alleged against DTL by Motorola are barred, in whole or in part, by the doctrine of laches.

## COUNTERCLAIMS

Defendant-counterclaim plaintiff Digital Technology Licensing LLC ("DTL"), having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740, for its counterclaim against plaintiff-counterclaim defendant Motorola Inc. ("Motorola") hereby alleges as follows:

1. DTL is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2. Motorola, is a Delaware corporation, having its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

3. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

4. Motorola is engaged in supplying, marketing, and seller's digital cellular telephones for use on digital cellular telephone networks, including those maintained and operated by Sprint Nextel Corporation, Cellco Partnership d/b/a Verizon Wireless, and T-Mobile USA in the United States, generally, and in the Southern District of New York.

5. To the extent this case is not transferred to the District of New Jersey, venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6. Personal jurisdiction over Motorola comports with the United States Constitution because Motorola is committing and/or contributing to the acts of patent infringement alleged in this counterclaim in this district.

7. On September 24, 1991, United States Patent No. 5,051,799 ("the '799 Patent") entitled "Digital Output Transducer," was duly and lawfully issued based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

8. DTL is the owner by assignment of the '799 Patent and has the right to sue and recover damages for infringement thereof.

9. DTL is currently the plaintiff in three separate actions for patent infringement of the '799 Patent filed against Sprint Nextel Corporation, Cellco Partnership d/b/a Verizon Wireless, and T-Mobile USA pending in United States District Court, District of New Jersey.

10. Motorola has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 Patent by selling and offering to sell digital cellular telephones and by using and inducing others to sell, offer to sell, and use a digital cellular telephone system within the scope of claim 20 of the '799 Patent.

11. Upon information and belief, after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of Motorola have occurred with knowledge of the '799 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

829132_1.DOC

12. DTL has been damaged by the infringement by Motorola and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

13. DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A. an order adjudging Motorola to have infringed the '799 Patent;

B. a permanent injunction enjoining Motorola, together with its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 Patent;

C. an award of damages adequate to compensate DTL for the infringement of Motorola, along with prejudgment and postjudgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

D. an award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285;

E. an award of DTL's costs; and

F. such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), DTL hereby demands a jury trial on all issues so triable raised in this action.

## THIRD-PARTY COMPLAINT

Defendant/third-party plaintiff Digital Technology LLC, by way of a third-party complaint against third-party defendants Sprint Nextel Corporation ("Sprint/Nextel"), Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), and T-Mobile USA ("T-Mobile"), alleges and avers as follows:

## PARTIES

1.     Third-party plaintiff Digital Technology Licensing LLC ("DTL"), is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2.     Third-party defendant Sprint/Nextel is organized and existing under the laws of the State of Delaware, having its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia.

3.     Third-party defendant Verizon Wireless is a partnership organized and existing under the laws of the State of Delaware, having its principal place of business at 180 Washington Valley Road, Bedminster, New Jersey 07921.

4.     Third-party defendant T-Mobile is organized and existing under the laws of the State of Delaware, having its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006 and is currently conducting business in the State of New Jersey.

5.  Sprint/Nextel, Verizon Wireless, and T-Mobile are engaged in the marketing and sale of digital cellular telephones and digital cellular telephone service in the United States, generally, and in the Southern District of New York.

6.  This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

7.  Venue for this third-party complaint is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

8.  Personal jurisdiction over the third-party defendants comports with the United States Constitution because Sprint/Nextel, Verizon Wireless, and T-Mobile are committing and/or contributing to the acts of patent infringement alleged in this third-party complaint in this district.

9.  On September 24, 1991, United States Patent No. 5,051,799 ("the '799 Patent"), entitled "Digital Output Transducer," was duly and lawfully issued based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

10. DTL is the owner by assignment of the '799 Patent and has the right to sue and recover damages for infringement thereof.

11. Sprint/Nextel, Verizon Wireless, and T-Mobile have directly and/or contributorily infringed, and/or induced infringement of, and are continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 Patent, by selling

and offering to sell digital cellular telephones, and by using and inducing others to use a digital cellular telephone system within the scope of claim 20 of the '799 Patent.

12. Upon information and belief, and after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of Sprint/Nextel, Verizon Wireless, and T-Mobile have occurred with knowledge of the '799 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

13. DTL has been damaged by the infringement by Sprint/Nextel, Verizon Wireless, and T-Mobile and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement unless such infringement is enjoined by this Court.

14. DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A. an order adjudging third-party defendants Sprint/Nextel, Verizon Wireless, and T-Mobile to have infringed the '799 Patent;

B. a permanent injunction enjoining Sprint/Nextel, Verizon Wireless, and T-Mobile, together with their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 Patent;

C. an award of damages adequate to compensate DTL for the infringement of Sprint/Nextel, Verizon Wireless, and T-Mobile, along with prejudgment and

9

postjudgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

    D. an award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285;

    E.  an award of DTL's costs; and

    F.  such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), DTL hereby demands a jury trial on all issues so triable raised in this action.

    LERNER, DAVID, LITTENBERG,
     KRUMHOLZ & MENTLIK, LLP
    600 South Avenue West
    Westfield, NJ 07090-1497
    Tel:   908.654.5000
    Fax:  908.654.7866
    E-mail:  sprocaccini@ldlkm.com
           litigation@ldlkm.com
    *Attorneys for Plaintiff Digital Technology Licensing LLC*

Dated:  December 10, 2007    By:  /s/ Steven L. Procaccini
           Steven L. Procaccini

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the following documents:

1. DTL'S ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND THIRD-PARTY COMPLAINT

2. RULE 7.1 DISCLOSURE STATEMENT

is being served upon the following counsel of record this 10th day of December, 2007, as follows:

**VIA ECF TRANSMISSION**

John M. Desmarais (JD 6460)
Jon T. Hohenthaner (JH 1000)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Tel: 212.446.4800
Fax: 212.446.4900
E-Mail: jdesmarais@kirkland.com
         jhohenthaner@kirkland.com

OF COUNSEL:

Russel E. Levine, P.C.
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
Tel: 312.861.2000
Fax: 312.861.2200
E-Mail: rlevine@kirkland.com
         pcollier@kirkland.com
         micohen@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

              /s/ Steven Procaccini
              Steven Procaccini

DTL 6.0-006
Civil Action No. 07-cv-10436

830291_1.DOC