## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MOTOROLA, INC. | ) | |
| | ) | |
| Plaintiff, Counter-Defendant, | ) | Civil Action No. 07-10436 (CLB) (GAY) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | District Judge Charles L. Brieant |
| | ) | |
| Defendant, Counter-Plaintiff. | ) | Magistrate Judge George A. Yanthis |

| | | |
|---|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SPRINT NEXTEL CORPORATION, CELLCO | ) | |
| PARTNERSHIP D/B/A VERIZON WIRELESS, | ) | |
| AND T-MOBILE USA, INC., | ) | ECF Case |
| | ) | |
| Third-Party Defendants. | ) | Document Filed Electronically |

## DECLARATION OF MICHAEL I. COHEN

Michael I. Cohen, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an attorney at the law firm of Kirkland & Ellis, LLP, counsel for plaintiff Motorola, Inc. in the above captioned matter. I am fully familiar with the facts and circumstances of this action.

2. I submit this declaration, along with the exhibits annexed hereto, in support of Motorola's Motion to Dismiss, or in the Alternative to Sever and Stay, Digital Technology LLC's Third-Party Complaint, dated January 7, 2008.

3.  In particular, I offer this declaration to place before the Court documents and facts that are appropriately considered by the Court on a motion to dismiss under applicable law.

4.  It is my understanding that defendant Digital Technology Licensing LLC ("DTL") does not sell or distribute any products or services, but is an entity formed solely to license and enforce a single United States patent -- *i.e.*, U.S. Patent No. 5,051,799 (the "'799 patent") -- that is directed towards a studio-quality digital microphone. My understanding of DTL's purpose is based in part on DTL's website, which states: "Digital Technology Licensing LLC (DTL) was formed for the licensing and enforcement of U.S. Patent No. 5,051,799, which covers certain digital microphones and other digital transducers." *See* http://www.digitaltechnologylicensing.com (last visited Jan. 4, 2008).

5.  DTL has filed several patent infringement lawsuits individually against major digital cellular telecommunications carriers, including Motorola's customers.

6.  On April 11, 2005, DTL filed a patent infringement lawsuit against Cellco Partnership d/b/a Verizon Wireless in the United States District Court for the District of New Jersey, Case No. 2:05-cv-01922.

7.  Annexed hereto an Exhibit B is a true and accurate copy of the Complaint filed by DTL against Cellco Partnership d/b/a Verizon Wireless in the United States District Court for the District of New Jersey, Case No. 2:05-cv-01922.

8.  On April 11, 2006, DTL filed a patent infringement lawsuit against Cingular Wireless LLC in the United States District Court for the Eastern District of Texas, Case No. 2:06-cv-0156.

9.  On August 24, 2007, United States Magistrate Judge Keith F. Giblin issued an Amended Order Construing Claim Terms of United States Patent No. 5,051,799 (Docket No. 106) defining, among other terms, "highly faithful digital representation" to mean "the digital

representation that is a virtually perfect reproduction of said acoustic signal, and there is no effect of any interference or noise in the transmission process."

10. Annexed hereto an Exhibit A is a true and accurate copy of the Amended Order Construing Claim Terms of United States Patent No. 5,051,799 (Docket No. 106) in Case No. 2:06-cv-0156 (E.D. Tex).

11. On October 25, 2007, DTL filed a patent infringement lawsuit against T-Mobile USA, Inc. in the United States District Court for the District of New Jersey, Case No. 2:07-cv-05273.

12. Annexed hereto an Exhibit C is a true and accurate copy of the Complaint filed by DTL against T-Mobile USA, Inc. in the United States District Court for the District of New Jersey, Case No. 2:07-cv-05273.

13. On November 9, 2007, DTL filed a patent infringement lawsuit against Sprint Nextel Corporation in the United States District Court for the District of New Jersey, Case No. 2:07-cv-05432.

14. Annexed hereto an Exhibit D is a true and accurate copy of the Complaint filed by DTL against T-Mobile USA, Inc. in the United States District Court for the District of New Jersey, Case No. 2:07-cv-05273.

15. On November 9, 2007, DTL filed a patent infringement lawsuit against AT&T Mobility LLC in the United States District Court for the District of New Jersey, Case No. 2:07-cv-05454.

16. Motorola is not a named defendant in any of DTL's patent infringement lawsuits to date, but understands it products to be at issue in those suits.

Dated:  January 7, 2008                         /s Michael I. Cohen
        Chicago, Illinois                       _____

                                                Michael I. Cohen

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

**DECLARATION OF MICHAEL I. COHEN** and annexed exhibits were served on counsel or

record as listed below via ECF filing on January 7, 2008:

*Attorneys for Defendant Digital Technology Licensing LLC*

Steven L. Procaccini, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 518-6373
Fax: (908) 654-7866
sprocaccini@ldlkm.com

*Attorneys for Third-Party Defendant T-Mobile USA, Inc.*

Richard S. Mandaro, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000
Fax: (212) 336-8001
rmandaro@arelaw.com

/s Michael I. Cohen

*Attorney for Plaintiff Motorola, Inc.*

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| DIGITAL TECHNOLOGY LICENSING, LLC | § § § | |
| *Plaintiffs*, | § | Civil Action No. 2:06-CV-156 |
| | § | |
| v. | § | |
| | § | JUDGE RON CLARK |
| CINGULAR WIRELESS, LLC, | § § | |
| *Defendant*. | § | |

## AMENDED ORDER CONSTRUING
## CLAIM TERMS OF UNITED STATES PATENT NO. 5,051,799

Plaintiff Digital Technology Licensing, LLC ("DTL") filed suit against Defendant Cingular

Wireless, LLC ("Cingular") claiming infringement of United States Patent No. 5,051,799 ("the '799

patent").[1] The court issued a Memorandum Opinion and Order Construing Claim Terms of United

States Patent No. 5,051,799 on August 7, 2007. In light of the parties' agreements to clarify the

order, the court defines the following terms as follows:

"Said remote receiver" means: **the receiver.**

"Highly faithful digital representation. . . " means: **the digital representation that is a**

**virtually perfect reproduction of said acoustic signal, and there is no effect of any**

**interference or noise in the transmission process.**

---

[1]For a background of the patents, a description of the technology involved, and the standard of review, see this court's prior order construing claim terms of these patents.

1

The jury shall be instructed in accordance with the court's interpretations of the disputed claim terms in the ` 799 patent.

**SIGNED this the 24th day of August, 2007.**

_____

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE

# Exhibit B

Stephen F. Roth (SR 0352)
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Digital Technology
Licensing LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Civil Action No. |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff Digital Technology Licensing LLC, for its complaint, hereby alleges as follows:

1.     Digital Technology Licensing LLC (hereinafter "DTL"), is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2.     Defendant Cellco Partnership d/b/a Verizon Wireless (hereinafter "Verizon Wireless"), is a partnership organized and existing under the laws of the State of

Delaware, having its principal place of business within this district at 180 Washington Valley Road, Bedminster, New Jersey 07921.

3.     Verizon Wireless is engaged in the marketing and sale of digital cellular telephones and digital cellular telephone service in the United States.

4.     This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6.     Personal jurisdiction over the defendant comports with the United States Constitution because Verizon Wireless resides in this district and is committing and contributing to the acts of patent infringement alleged in this Complaint in this district.

7.     On September 24, 1991, United States Patent No. 5,051,799 ("the '799 patent"), entitled "Digital Output Transducer," was duly and lawfully issued based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

8.     DTL is the owner by assignment of the '799 patent, and has the right to sue and recover damages for infringement thereof.

9.     Verizon Wireless has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 patent, by selling and offering to sell digital

cellular telephones, and by using and inducing others to use, a digital cellular telephone system within the scope of claim 20 of the '799 patent.

10.    The acts of infringement of Verizon Wireless have occurred with knowledge of the '799 patent and are willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

11.    DTL has been damaged by the infringement of Verizon Wireless and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

12.    DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A.    An order adjudging defendants Verizon Wireless to have infringed the '799 patent.

B.    A permanent injunction enjoining Verizon Wireless, together with their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 patent.

C.    An award of damages adequate to compensate DTL for the infringement of Verizon Wireless, along with prejudgment and postjudgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284.

D.    An award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285.

E.    An award of DTL's costs.

F.    Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Fed. R. Civ. P., DTL hereby demands a jury trial on all

issues so triable raised in this action.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Digital Technology*
*Licensing LLC*

Dated: April 11, 2005                    By: _____

Stephen F. Roth

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with

respect to the matter in controversy herein, neither plaintiff nor plaintiff's attorney is

aware of any other action pending in any court, or of any pending arbitration or

administrative proceeding, to which this matter is subject.

Dated: April 11, 2005                    LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Digital Technology*
*Licensing LLC*

By: _____

Stephen F. Roth

555817_1.DOC                    4

# Exhibit C

Stephen F. Roth
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Digital Technology
Licensing LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Civil Action No. |
| T-MOBILE USA, INC., | : | |
| | : | |
| Defendant. | : | |
| | x | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Digital Technology Licensing LLC, for its complaint, hereby alleges as follows:

1.     Digital Technology Licensing LLC (hereinafter "DTL"), is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2.     Defendant T-Mobile USA, Inc. (hereinafter "T-Mobile"), is organized and existing under the laws of the State of Delaware, having its principal place of business at

798185_1.DOC

12920 SE 38th Street, Bellevue, Washington 98006 and is currently conducting business in the State of New Jersey.

3.     T-Mobile is engaged in the marketing and sale of digital cellular telephones and digital cellular telephone service in the United States generally, and in the District of New Jersey.

4.     This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6.     Personal jurisdiction over the Defendant comports with the United States Constitution because T-Mobile is committing and/or contributing to the acts of patent infringement alleged in this Complaint in this district.

7.     On September 24, 1991, United States Patent No. 5,051,799 ("the '799 Patent"), entitled "Digital Output Transducer," was duly and lawfully issued based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

8.     DTL is the owner by assignment of the '799 Patent, and has the right to sue and recover damages for infringement thereof.

9.     T-Mobile has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 patent, by selling and offering to sell digital cellular telephones,

and by using and inducing others to use a digital cellular telephone system within the scope of claim 20 of the '799 Patent.

10.    Upon information and belief, after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of T-Mobile have occurred with knowledge of the '799 Patent and are willful and deliberate.  This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

11.    DTL has been damaged by the infringement by T-Mobile and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

12.    DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A.    An order adjudging Defendant T-Mobile to have infringed the '799 Patent.

B.    A permanent injunction enjoining T-Mobile, together with its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 Patent.

C.    An award of damages adequate to compensate DTL for the infringement of T-Mobile, along with prejudgment and post judgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284.

D.      An award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285.

E.      An award of DTL's costs.

F.      Such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), DTL hereby demands a jury trial on all issues so triable raised in this action.

LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Digital Technology*
*Licensing LLC*

Dated:  October 25, 2007          By:_____ s/ Stephen F. Roth___
                                                    Stephen F. Roth

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2</u>

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject, except that the patent in suit has been asserted against two other parties in separate actions, namely *Digital Technology Licensing LLC v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 05-1922 (D.N.J. filed April 11, 2005) and *Digital Technology Licensing LLC v. Cingular Wireless, LLC.*, Civil Action No. 2:06cv156 (E.D. Tex. filed April 11, 2006).


Dated: October 25, 2007                LERNER, DAVID, LITTENBERG,
                                         KRUMHOLZ & MENTLIK, LLP
                                     *Attorneys for Plaintiff Digital Technology*
                                     *Licensing LLC*


                                     By:         s/ Stephen F. Roth
                                               Stephen F. Roth

# Exhibit D

Stephen F. Roth (SR 0352)
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel:    908.654.5000
Fax:   908.654.7866

*Attorneys for Plaintiff Digital Technology*
*Licensing LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Civil Action No. |
| SPRINT NEXTEL CORP., | : | |
| | : | |
| Defendant. | : | |
| | x | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Plaintiff Digital Technology Licensing LLC, having its principal place of business

at 75 Montebello Park, Suffern, New York 10901-3740, for its complaint, hereby alleges

as follows:

1.       Digital Technology Licensing LLC (hereinafter "DTL"), is a limited

liability company organized and existing under the laws of the State of New York, having

its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2.     Defendant Sprint Nextel Corp. (hereinafter "Sprint/Nextel"), is organized and existing under the laws of the State of Delaware, and has its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia.

3.     This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*  Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

4.     Sprint/Nextel is engaged in the marketing and sale of digital cellular telephones and digital cellular telephone service in the United States generally, and in the District of New Jersey.

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6.     Personal jurisdiction over the Defendant comports with the United States Constitution because Sprint/Nextel is committing and/or contributing to the acts of patent infringement alleged in this Complaint in this district.

7.     On September 24, 1991, United States Patent No. 5,051,799 ("the '799 Patent"), entitled "Digital Output Transducer," was duly and lawfully issued based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

8.     DTL is the owner by assignment of the '799 Patent, and has the right to sue and recover damages for infringement thereof.

9.     Sprint/Nextel has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce

infringement of, the '799 patent, by selling and offering to sell digital cellular telephones, and by using and inducing others to use a digital cellular telephone system within the scope of claim 20 of the '799 Patent.

10. Upon information and belief, after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of Sprint/Nextel have occurred with knowledge of the '799 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

11. DTL has been damaged by the infringement by Sprint/Nextel and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

12. DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A. An order adjudging Defendant Sprint/Nextel to have infringed the '799 Patent.

B. A permanent injunction enjoining Sprint/Nextel together with its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 Patent.

C. An award of damages adequate to compensate DTL for the infringement of Sprint/Nextel, along with prejudgment and post judgment interest, but in no event less

than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284.

     D.    An award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285.

     E.    An award of DTL's costs.

     F.    Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), DTL hereby demands a jury trial on all issues so triable raised in this action.

LERNER, DAVID, LITTENBERG,
KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Digital Technology Licensing LLC*

Dated: November 9, 2007    By: _____ s/ Stephen F. Roth _____
         Stephen F. Roth (SR 0352)

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned hereby certifies, pursuant to Local Civil Rule 11.2, that with respect to the matter in controversy herein, neither Plaintiff nor Plaintiff's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject, except that the patent in suit has been asserted against parties in separate actions, namely *Digital Technology Licensing LLC v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 05-1922 (D.N.J. filed April 11, 2005); *Digital Technology Licensing LLC v. Cingular Wireless, LLC.*, Civil Action No. 2:06cv156 (E.D. Tex. filed April 11, 2006); *Digital Technology Licensing LLC v. T-Mobile USA, Inc.,* Civil Action No. 07-cv-05273 (D.N.J. filed November 25, 2007); and *Digital Technology Licensing LLC v. AT&T Mobility* (filed simultaneously herewith).

Dated: November 9, 2007

LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Digital Technology Licensing LLC*


By:    s/ Stephen F. Roth
        Stephen F. Roth (SR 0352)