## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MOTOROLA, INC. | ) | |
| | ) | |
| Plaintiff, Counter-Defendant, | ) | Civil Action No. 07-10436 (CLB) (GAY) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | District Judge Charles L. Brieant |
| | ) | |
| Defendant, Counter-Plaintiff. | ) | Magistrate Judge George A. Yanthis |

| | | |
|---|---|---|
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| SPRINT NEXTEL CORPORATION, CELLCO | ) | |
| PARTNERSHIP D/B/A VERIZON WIRELESS, | ) | |
| AND T-MOBILE USA, INC., | ) | ECF Case |
| | ) | |
| Third-Party Defendants. | ) | Document Filed Electronically |

## MOTOROLA INC.'S MEMORANDUM OF LAW IN SUPPORT OF
## ITS MOTION TO DISMISS, OR IN THE ALTERNATIVE TO SEVER AND STAY,
## DIGITAL TECHNOLOGY LICENSING LLC'S THIRD-PARTY COMPLAINT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ...............................................................................................1

FACTUAL BACKGROUND .................................................................................3

ARGUMENT ......................................................................................................5

    I.     DTL's Third-Party Complaint Should Be Dismissed Because It Does Not Comply With Fed. R. Civ. P. 14(a).............................................................5

    II.    DTL's Third-Party Complaint Should Be Dismissed Pursuant To The Court's Inherent Power To Control Its Docket.......................................7

    III.   Alternatively, This Court Should Sever, And Then Stay, DTL's Third-Party Complaint Pursuant To Fed. R. Civ. P. 21. ...................................8

        1.    Severing And Staying The Third-Party Complaint Will Promote Judicial Economy.......................................................................9

        2.    Motorola Would Be Unduly Prejudiced If The Third-Party Complaint Is Not Severed And Stayed. ....................................10

        3.    DTL's Case Against Motorola Requires Different Witnesses And Documentary Proof Than DTL's Cases Against The Third-Party Defendants. .......................................................................11

        4.    DTL's Case Against Motorola Does Not Arise Out Of The Same Transaction Or Occurrence As DTL's Cases Against The Third-Party Defendants. ..................................................12

CONCLUSION...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Adam v. Jacobs,*
  950 F.2d 89 (2d Cir. 1991)...........................................................................2, 7

*Curtis v. Citibank, N.A.,*
  226 F.3d 133 (2d Cir. 2000)......................................................................2, 7, 9

*EZ-TIXZ, Inc. v. Hit-Tix, Inc.,*
  Case No. 93 Civ. 3791, 1995 WL 77589 (S.D.N.Y. Feb. 27, 1995) ...................6

*Finch v. Hughes Aircraft Co.,*
  926 F.2d 1574 (Fed. Cir. 1991)............................................................................7

*Hecht v. City of New York,*
  217 F.R.D. 148 (S.D.N.Y. 2003) .........................................................................8

*In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.,*
  DL No. 1358 (SAS), Case No. 04 Civ. 4972 (SAS), 2007 WL 4207534 (S.D.N.Y.
  Nov. 20, 2007) .................................................................................................8, 9

*New Jersey Mach., Inc. v. Alford Indus. Inc.,*
   Civ. A. No. 89-1879 (JCL), 1991 WL 340196 (D.N.J. Oct. 7, 1991), *aff'd,* 983
  F.2d 1087 (Fed. Cir. 1992) ...............................................................................12

*Reid v. Gen. Motors Corp.,*
  240 F.R.D. 260 (E.D. Tex. 2007)......................................................................12

*Res. Funding Corp. v. Congrecare, Inc.,*
  Case No. 91-Civ.-8163 (RWS), 1994 WL 24825 (S.D.N.Y. Jan. 21, 1994).................3, 6

*Sly Magazine, LLC v. Weider Publ'ns, LLC,*
  241 F.R.D. 527 (S.D.N.Y. 2007) ........................................................................2

*Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.,*
  215 F.R.D. 621 (D. Kan. 2003).........................................................................10

*Tillotson Corp. v. Shijiazhuang Hongray Plastic Prods., Ltd.,*
  No. 405cv0119RLC, 2006 WL 3050810 (N.D. Ga. Oct. 23, 2006)...................11

**Rules**

Fed. R. Civ. P. 12(b)(6)........................................................................1, 3, 7, 13

Fed. R. Civ. P. 14...............................................................................1, 5, 7, 13

Fed. R. Civ. P. 14(a) .............................................................................1, 3, 5, 7

Fed. R. Civ. P. 21 ................................................................................................ passim

Fed. R. Civ. P. 42 ....................................................................................................... 8

## INTRODUCTION

Motorola, Inc. ("Motorola") initiated this declaratory judgment action against Digital Technology Licensing LLC ("DTL") to rid the specter of DTL's patent infringement allegations against Motorola's digital cellular handsets and infrastructure equipment. In response, DTL has filed a third-party patent infringement complaint against Sprint Nextel Corp. ("Sprint"), T-Mobile USA, Inc. ("T-Mobile") and Cellco Partnership d/b/a Verizon Wireless ("Verizon") (collectively "Third-Party Defendants") under the same patent even though DTL has already made the exact same allegations against those same entities in separate cases still pending in the District of New Jersey. If allowed to remain, DTL's allegations of patent infringement against the Third-Party Defendants would substantially expand the scope of this case from its present focus solely on Motorola's products to focus broadly on (1) the digital cellular networks that are used by each respective Third-Party Defendant, and (2) *all* the handsets and infrastructure equipment that are used on those networks, including those that are supplied by numerous Motorola competitors, including LG Electronics, Sony Ericcson, Sanyo, Palm, Blackberry, etc . . . .

Setting DTL's forum shopping aside momentarily, DTL's third-party complaint is procedurally flawed. Fed. R. Civ. P. 14 governs third-party impleader, and provides that a complaint may only be initiated where the non-party "*is or may be liable for all or part of the claim against* [the defendant]." Here, the Third-Party Defendants, who are Motorola's customers, cannot be liable to either DTL or Motorola under Motorola's declaratory judgment action, and thus DTL has not stated a valid claim for the third-party complaint under Fed. R. Civ. P. 14(a). For this reason alone, DTL's third-party complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

Turning now to DTL's forum shopping, it provides an independent and equally sufficient basis for dismissing DTL's third party complaint. DTL's claims under the third-party complaint

are identical to claims that DTL previously initiated in the United States District Court for the District of New Jersey against each of the Third-Party Defendants. DTL is incorporated in New York and its principal place of business is in this District. Yet, DTL chose to sue the Third-Party Defendants in New Jersey. It cannot now decide that it wishes to change its mind and litigate here instead. Under its inherent power to administer its docket, this Court should not condone DTL's forum shopping, and should dismiss DTL's third-party complaint as duplicative and vexatious litigation in view of the earlier-filed proceedings. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *Adam v. Jacobs,* 950 F.2d 89, 92 (2d Cir. 1991) ("Where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.").

Alternatively, the Court should sever and then stay DTL's third-party claims pursuant to Fed. R. Civ. P. 21. By significantly expanding this case's scope, DTL's third-party complaint will substantially prejudice Motorola by, at least, impeding the efficient adjudication to which Motorola is entitled. *See, e.g., Sly Magazine, LLC v. Weider Publ'ns, LLC*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (rejecting on grounds of prejudice a motion to join twelve additional parties because it would, among other things, "undoubtedly cause significant further delays in this litigation."). The expanded scope will result in not only an exponential increase in the number of witnesses and documentary evidence, but will result in the addition of several entities who will seek input into the defensive strategy. Jury confusion is also likely in that the expanded case will require the presentation of distinct, and potentially irreconcilable, theories of patent damages against the multiple defendants in this case. Indisputably, Motorola will suffer undue prejudice

due to the increased scope and complexity of this case if the third-party complaint is neither dismissed nor stayed.

Accordingly, Motorola respectfully moves the Court to dismiss DTL's third-party complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim under Fed. R. Civ. P. 14(a).[1] In the alternative, Motorola requests that the Court use its inherent power to control its docket to dismiss DTL's third-party claims so as to avoid duplicative litigation and prevent forum shopping or, pursuant to Fed. R. Civ. P. 21, sever and then stay DTL's third-party complaint.

## FACTUAL BACKGROUND

DTL does not sell or distribute any products or services, but is an entity formed solely to enforce a single United States patent -- *i.e.*, U.S. Patent No. 5,051,799 (the "'799 patent") -- that is directed towards a studio-quality digital microphone.  (*See* Declaration of Michael I. Cohen ("Cohen Decl.") ¶ 4.)  Although digital cellular handsets, infrastructure equipment, and networks cannot meet the audio-quality claim limitation of the '799 patent,[2] DTL has nonetheless filed several patent infringement lawsuits ***individually*** against major digital cellular telecommunications carriers, including Motorola's customers.[3]   (Compl. ¶ 8; Cohen Decl. ¶ 5.)

---

[1] Motorola, as a party in this proceeding, has standing to strike DTL's third-party complaint.  Fed. R. Civ. P. 14(a)(4) ("Any party may move to strike the third-party claim, to sever it, or to try it separately."); *see also Res. Funding Corp. v. Congrecare, Inc.*, Case No. 91-Civ.-8163 (RWS), 1994 WL 24825, at *9 (S.D.N.Y. Jan. 21, 1994).

[2] Exemplifying that the '799 patent is directed to a studio-quality digital microphone, the asserted claim of the '799 patent requires that the "remote location receives a highly faithful digital representation" of the original acoustic signal.  The Eastern District of Texas has construed this limitation to mean that the remote location receives a "digital representation that is a virtually perfect reproduction of said acoustic signal, and there is no effect of any interference or noise in the transmission process."  *See* Cohen Decl. Ex. A, at 1.

[3] Notably, DTL has not initiated any litigation against any digital cellular handset or infrastructure equipment manufacturers to date.

3

DTL, despite being a New York entity, has filed all but one of these lawsuits in its apparently preferred forum of the District of New Jersey:

- *Digital Technology Licensing LLC v. Cellco Partnership d/b/a Verizon Wireless*, Case No. 2:05-cv-01922 (D.N.J);

- *Digital Technology Licensing LLC v. T-Mobile USA, Inc.*, Case No. 2:07-cv-05273 (D.N.J); and

- *Digital Technology Licensing LLC v. Sprint Nextel Corporation*, Case No. 2:07-cv-05432 (D.N.J.).[4]

(Cohen Decl. ¶¶ 6, 8, 11, 13, 15.)  With its products understood to be at issue in those suits, but not being named as a defendant, Motorola filed this declaratory judgment action against DTL to obtain a rightful declaration that Motorola's handsets and infrastructure equipment do not infringe any valid claim of the '799 patent.  (Compl. at 3-5; Cohen Decl. ¶ 16.)

Without question, DTL's patent infringement allegations against the Third-Party Defendants in the pending individual suits in District of New Jersey are substantively ***identical*** to DTL's patent infringement allegations against the Third-Party Defendants here.  DTL asserts the same patent (*i.e.*, the '799 patent) and the same patent claim (*i.e.*, claim 20), and accuses the same products for each respective defendant.  A cursory review of the pleadings confirms this conclusion,[5] and the following exemplary redline compares Paragraph 11 of DTL's third-party complaint to Paragraph 9 of DTL's complaint against one Third-Party Defendant, Sprint, in the District of New Jersey:

---

[4] DTL has also initiated patent infringement suits against Cingular Wireless LLC ("Cingular") (Case No. 2:06-cv-0156 (E.D. Tex.)), and AT&T Wireless (Case No. 2:07-cv-05454 (D.N.J.)).  DTL did not include either Cingular or AT&T Wireless in the third-party complaint that it filed in this action.

[5] A comparison of Digital Technology Licensing LLC's Third-Party Complaint in this case with the Complaints filed against Sprint, T-Mobile, and Verizon in the District of New Jersey (Cohen Decl. Exs. B-D) confirms the identify of DTL's allegations in the multiple actions.

Sprint/Nextel [, Verizon Wireless, and T Mobile] has [have] directly and or contributorily infringed, and/or induced infringement of, and is [are] continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 Patent, by selling and offering for sale digital cellular telephones, and by using and inducing others to use a digital cellular telephone system within the scope of claim 20 of the '799 Patent.

Apart from removing certain names and changing certain grammar, the paragraphs, and the substantive allegations contained therein, are identical. The remaining paragraphs of the two pleadings are also identical in substantive content.

Despite these pending proceedings, one of which DTL filed over two years ago and the other two within a month before filing the third-party complaint, DTL nonetheless seeks to litigate the *same* patent infringement claims against these telecommunication carriers in this action. The obvious result is that the scope of this declaratory judgment action is expanded substantially, going from one patent infringement lawsuit to essentially four patent infringement suits.

## ARGUMENT

The Court should preclude DTL from litigating its third-party claims in this forum because: (1) DTL's third-party complaint does not comply with Fed. R. Civ. P. 14(a) which governs impleading a third party; (2) the claims of DTL's third-party complaint are duplicative of DTL's earlier-filed patent infringement lawsuits against each individual Third-Party Defendant in the District of New Jersey; and (3) the addition of new and expansive claims of DTL's third-party complaint to this proceeding will hamper judicial economy and severely prejudice Motorola, and thus, should be severed and then stayed pursuant to Fed. R. Civ. P. 21.

**I.    DTL's Third-Party Complaint Should Be Dismissed Because It Does Not Comply With Fed. R. Civ. P. 14(a).**

Fed. R. Civ. P. 14, which governs impleader of a third-party in a pending litigation, sets forth that a defending party may serve a complaint against a nonparty "***who is or may be liable for all or part of the claim against it***." *See* Fed. R. Civ. P. 14(a) (emphasis added); s*ee also EZ-TIXZ,*

*Inc. v. Hit-Tix, Inc.*, Case No. 93 Civ. 3791, 1995 WL 77589, at *2 (S.D.N.Y. Feb. 27, 1995)
("Rule 14 requires that the third-party defendant's liability be derivative of or secondary to that of
the defendant in the main action.").  Rule 14 thus allows impleader where a defendant can show
that its liability under the existing claims may pass, in whole or in part, to the third-party that it
seeks to add.  *EZ-TIXZ, Inc.*, 1995 WL 77589, at *2 (dismissing a third-party complaint because
"[i]n order to implead a third party the defendant must show that if he is found liable to the
plaintiff, then the third party will be liable to the defendant."); *see also Res. Funding Corp. v.
Congrecare, Inc.*, Case No. 91-Civ.-8163 (RWS), 1994 WL 24825, at *9 (S.D.N.Y. Jan. 21, 1994)
(dismissing a third-party complaint because "[t]here must be an attempt to pass on to the third
party all or part of the liability asserted against the defendant.").  Where there is no such showing,
the Court has held that a third-party complaint must be dismissed.  *Res. Funding Corp.*, 1994 WL
24825, at *10 ("[A] third-party complaint must be dismissed if it does not assert that the third-
party defendant is liable to the third-party plaintiff for all or part of the plaintiff's claim against the
defendant.").

        Here, DTL's third-party complaint is not proper because DTL does not -- and cannot --
assert secondary liability, such as contribution or indemnification, against the respective Third-
Party Defendants for all or even part of its potential liability to Motorola under the declaratory
judgment action.  Similarly, even if DTL's patent infringement counter-claims against Motorola
were successful, there would be no liability that flows from the Third-Party Defendants, who are
merely users of Motorola's digital cellular handsets and infrastructure equipment, to Motorola.
Put simply, none of the Third-Party Defendants accrue any liability to either DTL or Motorola
under Motorola's declaratory judgment claims.

Because DTL's third-party complaint does not satisfy the bases for impleading a third-party, DTL's third-party complaint does not state a valid claim for which relief can be granted under Fed. R. Civ. P. 14(a).  Accordingly, it should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II.    DTL's Third-Party Complaint Should Be Dismissed Pursuant To The Court's Inherent Power To Control Its Docket.

If the Court does not dismiss DTL's third-party complaint under Fed. R. Civ. P. 14, Motorola respectfully requests that the Court exercise its inherent power to control the disposition of its docket to dismiss DTL's third-party claims as duplicative of DTL's pending patent infringement litigation against each of the Third-Party Defendants in the District of New Jersey.

"A trial court has discretion to dismiss a complaint which simply duplicates another pending related action."  *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1577 (Fed. Cir. 1991); *see also Curtis*, 226 F.3d at 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *Adam,* 950 F.2d at 92.  The power to dismiss a duplicative lawsuit is meant to foster judicial economy. *Curtis*, 226 F.3d at 138 (citations omitted).  Moreover, where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.  *Adam*, 950 F.2d at 92 (citation omitted).

DTL's claims against the Third-Party Defendants in this proceeding are identical to the claims of DTL's previously filed patent infringement suits pending in the District of New Jersey filed against each individual Third-Party Defendant.  And these earlier-filed proceedings should have priority, especially as DTL can provide no legitimate basis for giving priority to the third-party claims of this subsequent proceeding.  Indeed, DTL's decision to now sue the three Third-Party Defendants collectively in this proceeding is apparently an effort to game the system.  DTL could have initiated its earlier-filed proceedings in this forum, but chose not to do so.  Its

motivation for initiating these third-party claims in this forum now is apparently to impede and to delay the efficient resolution of Motorola's declaratory judgment action.  Because no legitimate basis exists for giving priority to the third-party claims of this proceeding over the previously-filed suits, the Court should dismiss the third-party complaint as duplicative and vexatious litigation.

**III.    Alternatively, This Court Should Sever, And Then Stay, DTL's Third-Party Complaint Pursuant To Fed. R. Civ. P. 21.**

If the Court declines to dismiss DTL's third-party complaint as either procedurally improper and/or duplicative of DTL's previously-filed patent infringement lawsuits in the District of New Jersey, Motorola respectfully requests that the Court sever, and then stay, DTL's third-party complaint pursuant to Fed. R. Civ. P. 21.[6]

A trial court may sever parties or claims in its discretion to promote judicial economy.  *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, MDL No. 1358 (SAS), Case No. 04 Civ. 4972 (SAS), 2007 WL 4207534, at *4 (S.D.N.Y. Nov. 20, 2007) (severing claims where the plaintiffs could have filed multiple complaints).  The Court should sever and stay DTL's third-party claims because multiple conditions are present, any one of which is sufficient to warrant severance.  *See id.* ("Severance requires the presence of only one of these conditions.") (citations omitted).  At the very least, the following conditions support severance here: (1) a dismissal or stay of the third-party claims will promote judicial economy; (2) Motorola would be unduly prejudiced if the third-party claims are not dismissed; (3) Motorola's case will require different

---

[6] Alternatively, the Court may sever DTL's third-party claims for trial only.  Motions to sever may be brought under either Fed. R. Civ. P. 21 or Fed. R. Civ. P. 42.  *See Hecht v. City of New York*, 217 F.R.D. 148, 149-50 (S.D.N.Y. 2003).  "Rule 21 results in two separate judgments on the severed claims, while separation of trials under Rule 42(b) results in one judgment unless the court enters a final judgment under Rule 54(b) of the Federal Rules of Civil Procedure before all the claims have been resolved."  *Id.*  The same considerations of convenience, avoidance of prejudice to the parties, and efficiency are implicated in motions under either rule.  *Id.* at 150.  Consequently, "motions under Rule 21 and Rule 42(b) are considered using the same standard."  *Id.*

witnesses and documentary proof than DTL's Third-Party Defendants; and (4) Motorola's case does not arise out of the same transaction or occurrence as the Third-Party Defendants' cases. *Id* (identifying these conditions as considerations for severance).

### 1.    Severing And Staying The Third-Party Complaint Will Promote Judicial Economy.

DTL's third-party complaint, indisputably, will increase substantially the volume of testimony and documentary proof necessary for, and also exponentially increase the complexity of, what Motorola intended to be a streamlined case.  Allowing DTL to add to Motorola's declaratory judgment action what essentially amounts to three independent patent infringement cases (as evidenced by DTL's separate lawsuits in the District of New Jersey) unnecessarily weighs down and potentially derails this proceeding.  Severing and then staying the third-party case to allow Motorola to proceed with its declaratory judgment claims not only focuses the case back to Motorola's products and its non-infringement defenses, but allows for disposition of issues that will potentially dispose of DTL's third-party claims.  Specifically, Motorola intends to prove in its proceeding that the '799 patent is invalid and unenforceable.  If decided in Motorola's favor, these rulings will dispose of the need to litigate DTL's third-party claims against the Third-Party Defendants.

Moreover, severing DTL's third-party claims, and then staying those claims, promotes judicial economy by preventing DTL from pursuing duplicative litigation of complex patent infringement claims against the Third-Party Defendants in multiple forums. *See, e.g., Curtis*, 226 F.3d at 138 ("The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation.").  This case should proceed in the same way that DTL believed to be most efficient when it filed its lawsuits in the District of New Jersey -- with

separate and distinct cases for each defendant.  Accordingly, judicial economy will be served if DTL's third-party claims are severed and stayed.

> ### 2.    Motorola Would Be Unduly Prejudiced If The Third-Party Complaint Is Not Severed And Stayed.

Allowing DTL to add three third-party defendants to this case, each presenting evidence of non-infringement for numerous products and technologies above and beyond Motorola's accused products, will unduly prejudice Motorola in at least three ways.

*First,* Motorola, as the declaratory judgment plaintiff, is entitled to an expedient trial that will clear the erroneous infringement allegations that are currently lingering against it.  *See, e.g., Sly Magazine, LLC*, 241 F.R.D. at 532 (rejecting on grounds of prejudice a motion to join twelve additional parties because it would, among other things, "undoubtedly cause significant further delays in this litigation."); *Tab Express Int'l, Inc. v. Aviation Simulation Tech., Inc.*, 215 F.R.D. 621, 624 (D. Kan. 2003) (severing patent infringement counterclaims and finding prejudice, in part, because of an eight-month delay in adjudication of the plaintiff's main claims).  Forcing Motorola to proceed with its declaratory judgment action alongside three third-party defendants, who are also its customers, serves to jeopardize the efficient resolution of this proceeding.

*Second*, DTL's third-party claims will broadly expand the scope of this suit, and thereby further prejudice Motorola by detracting from Motorola's ability to control its defensive strategy and focus this proceeding and trial on its products.  For example, Motorola and the Third-Party Defendants will need to present non-infringement positions from four different parties, each with their own technology for the Court to consider.  This will necessitate the introduction of testimony and documentary evidence well beyond what would be necessary if Motorola is the only alleged infringer, resulting in an interference with the efficient adjudication of this case.

*Third*, Motorola will be further prejudiced by the potential for jury confusion that undoubtedly will flow from the presentation of testimony and evidence from four distinct defendants. *See, e.g., Tillotson Corp. v. Shijiazhuang Hongray Plastic Prods., Ltd.*, No. 405cv0119RLC, 2006 WL 3050810, at *2 (N.D. Ga. Oct. 23, 2006) (stating "patent infringement is an inherently complex area of law" and severing third-party claims to avoid jury confusion). Motorola's financial and business operations differ from those of the three Third-Party Defendants, who are customers of Motorola, and therefore it is likely that Motorola will need to present distinct, and potentially conflicting, theories from the Third-Party Defendants in this case. This is especially true for patent damages. Motorola understands that DTL alleges that a royalty should be applied against the Third-Party Defendants, who are network carriers, based on revenue earned from subscribers using the digital cellular network. Motorola, on the other hand, does not earn revenue from use of a digital cellular network, and therefore a different, and potentially irreconcilable, damages theory, presumably based on sale of its handsets and infrastructure equipment, will need to be presented.

### 3.   DTL's Case Against Motorola Requires Different Witnesses And Documentary Proof Than DTL's Cases Against The Third-Party Defendants.

Each of the Third-Party Defendants sell digital handsets for use on their digital network that are manufactured and supplied by several entities, including Motorola, Sony Ericcson, LG Electronics, Sanyo, Palm, and Blackberry, among others. Thus, in addition to providing witnesses and documentary evidence relating to their digital networks, each of the Third-Party Defendants will need to proffer evidence that relates to the digital cellular handsets, as well as infrastructure equipment, for *all* suppliers. While Motorola's products will be at issue, so will products from Sony Ericcson, LG Electronics, Sanyo, Palm, Blackberry, and many others. Accordingly,

severing and staying the third-party claims is warranted based on the different witnesses and documentary proof required for the third-party claims.

    **4.    DTL's Case Against Motorola Does Not Arise Out Of The Same Transaction Or Occurrence As DTL's Cases Against The Third-Party Defendants.**

In the context of patent infringement cases, an allegation of "[i]nfringement of the same patent by different machines and parties does not constitute the same transaction or occurrence to justify joinder of [] new defendants." *New Jersey Mach., Inc. v. Alford Indus. Inc.,* Civ. A. No. 89-1879 (JCL), 1991 WL 340196 at *1 (D.N.J. Oct. 7, 1991), *aff'd,* 983 F.2d 1087 (Fed.Cir.1992). *See also Reid v. Gen. Motors Corp.*, 240 F.R.D. 260, 263 (E.D. Tex. 2007) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."). Here, DTL's patent infringement allegations against Motorola and the Third-Party Defendants do not constitute the same transaction or occurrence because they involve different alleged infringing parties and different accused products and/or services. Although Motorola does supply the Third-Party Defendants with certain accused products, the infringement allegations against the Third-Party Defendants are substantially broader, encompassing both their digital cellular networks and all digital cellular handsets and infrastructure equipment, regardless of supplier, used on them. Motorola is only one of many digital cellular equipment providers supplying accused handsets and infrastructure equipment to the Third-Party Defendants and thus, any sales and/or use of Motorola's accused products cannot suffice to satisfy the requirement of a same transaction or occurrence.

DTL, by its third-party complaint, attempts to situate Motorola, a digital cellular telephone equipment provider, along side the Third-Party Defendants, three independent and competing telecommunications carriers, as alleged infringers of the '799 patent. As DTL's individual patent infringement suits against the telecommunications carriers (and Motorola's notable absence as a

named defendant in any of those suits) make clear, there is no discrete nucleus of operative facts common to all Third-Party Defendants and Motorola.  Rather, the alleged liability of each Third-Party Defendant's arises from providing different "machines" (*e.g.* digital cellular networks and digital cellular handsets) and performing different acts (*e.g.*, providing digital cellular systems and sales of digital cellular handsets).  Each of these claims can easily be parsed and packaged into different cases.

## <u>CONCLUSION</u>

For the reasons discussed above, Motorola respectfully moves the Court to dismiss DTL's third-party complaint pursuant to Rule 12(b)(6) for failure to state a claim under Fed. R. Civ. P. 14, or alternatively, to dismiss  DTL's third-party complaint pursuant to the Court's inherent power to control its docket or sever and then dismiss pursuant to Fed. R. Civ. P. 21.

13

Dated: January 7, 2008

Respectfully submitted,

/s Michael I. Cohen

Russell E. Levine, P.C. (RL2466)
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
rlevine@kirkland.com
pcollier@kirkland.com
micohen@kirkland.com

John M. Desmarais, P.C. (JD6460)
Jon T. Hohenthaner (JH1000)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-6466 (telephone)
(312) 660-0766 (facsimile)
jdesmarais@kirkland.com
jhohenthaner@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing

**MOTOROLA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO**

**DISMISS, OR IN THE ALTERNATIVE TO SEVER AND STAY, DIGITAL**

**TECHNOLOGY LICENSING LLC'S THIRD-PARTY COMPLAINT** was served on

counsel of record as listed below via ECF filing on January 7, 2008:

*Attorneys for Defendant Digital Technology Licensing LLC*

Steven L. Procaccini, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 518-6373
Fax: (908) 654-7866
sprocaccini@ldlkm.com

*Attorneys for Third-Party Defendant T-Mobile USA, Inc.*

Richard S. Mandaro, Esq.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000
Fax: (212) 336-8001
rmandaro@arelaw.com

/s Michael I. Cohen

*Attorney for Plaintiff Motorola, Inc.*