Stanley S. Zinner
58 South Service Road, Suite 410
Melville, New York 11747
Tel:   631.414.7730
Fax:   631.414.7732

Stephen F. Roth
Orville R. Cockings
Steven L. Procaccini
LERNER, DAVID, LITTENBERG,
  KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ  07090-1497
Tel:   908.654.5000
Fax:   908.654.7866

*Attorneys for Defendant Digital Licensing Technology LLC*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC., | : |
| Plaintiff, | : Civil Action No. 07-10436 (CLB)(GAY) |
| v. | : District Judge Charles L. Brieant |
| DIGITAL TECHNOLOGY LICENSING LLC, | : |
| Defendant/Counterclaimant. | : |

# DIGITAL TECHNOLOGY LICENSING LLC'S
# FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES,
# COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY

838025_1.DOC

Defendant Digital Technology Licensing LLC ("DTL"), a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740, by and through its counsel, responds to the allegations contained in the Complaint by plaintiff Motorola, Inc. ("Motorola") as follows:

## PARTIES

1. Admitted.

2. Admitted.

## NATURE OF ACTION

3. DTL admits the allegation contained in paragraph 3 of the Complaint, despite DTL's belief that Motorola's claims are meritless.

## JURISDICTION

4. Admitted. However, DTL reserves the right to file a motion to transfer this action to the District of New Jersey, where all the pending actions involving this patent reside.

## VENUE

5. DTL admits that venue is proper in this judicial district, but believes out of judicial economy, the action should be transferred to the District of New Jersey.

## FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. DTL denies the allegations contained in paragraph 10 of the Complaint but admits there is a controversy.

## COUNT I

**(Declaratory Judgment Action For A Declaration Of Non-Infringement, Invalidity And Unenforceability Of U.S. Patent No. 5,051,799)**

11. DTL repeats, realleges, and incorporates herein the statements made with respect to plaintiff's allegations contained in paragraphs 1-10 hereof.

12. Admitted.

13. DTL denies the allegations contained in paragraph 13 of the Complaint.

14. DTL denies the allegations contained in paragraph 14 of the Complaint.

15. DTL denies the allegations contained in paragraph 15 of the Complaint.

16. DTL denies the allegations contained in paragraph 16 of the Complaint.

17. DTL denies the allegations contained in paragraph 17 of the Complaint.

18. DTL denies the allegations contained in paragraph 18 of the Complaint.

19. DTL denies the allegations contained in paragraph 19 of the Complaint.

20. DTL denies the allegations contained in paragraph 20 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The claims alleged against DTL by Motorola are barred, in whole or in part, by the doctrine of laches.

## COUNTERCLAIM

Defendant-counterclaim plaintiff Digital Technology Licensing LLC ("DTL"), having its principal place of business at 75 Montebello Park, Suffern, New York

10901-3740, for its counterclaim against plaintiff-counterclaim defendant Motorola Inc. ("Motorola"), hereby alleges as follows:

1. DTL is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2. Motorola, is a Delaware corporation, having its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

3. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

4. Motorola is engaged in supplying, marketing, and selling equipment in the Southern District of New York, including equipment that comes within the scope of claim 20 of the '799 Patent.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6. Personal jurisdiction over Motorola comports with the United States Constitution because Motorola is committing and/or contributing to the acts of patent infringement alleged in this counterclaim in this district.

7. On September 24, 1991, United States Patent No. 5,051,799 ("the '799 Patent") entitled "Digital Output Transducer," was duly and lawfully issued

based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

8. DTL is the owner by assignment of the '799 Patent and has the right to sue and recover damages for infringement thereof.

9. Motorola has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 Patent by selling and offering to sell products and by using and inducing others to sell, offer to sell, products, that come within the scope of claim 20 of the '799 Patent. Upon information and belief, such products include, but are not limited to digital cellular telephones; infrastructure used for the implentation of digital cellular telephones and placing digital telephone calls, accessories for digital cellular telephones, including headsets for same; Bluetooth compatible electronics for transmission of audio signals; digital police radios; Bluetooth telephone headsets; and such other and further devices, infrastructure and equipment that Motorola sells that comes within the scope of claim 20 of the '799 Patent.

10. Upon information and belief, after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of Motorola have occurred with knowledge of the '799 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

11. DTL has been damaged by the infringement by Motorola and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

12. DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A. an order adjudging Motorola to have infringed the '799 Patent;

B. an judicial declaration that the '799 Patent is valid and enforceable;

C. a dismissal of Motorola's claims with prejudice;

D. a permanent injunction enjoining Motorola, together with its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 Patent;

E. an award of damages adequate to compensate DTL for the infringement of Motorola, along with prejudgment and postjudgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

F. an award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285;

G. an award of DTL's costs; and

H. such other and further relief as this Court may deem just and proper.

6

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), DTL hereby demands a jury trial on all issues so triable raised in this action.

                                                    Respectfully submitted,

                                                    LERNER, DAVID, LITTENBERG,
                                                     KRUMHOLZ & MENTLIK, LLP
                                                  *Attorneys for*

Dated: January 10, 2008                   By:   s/ Steven L. Procaccini
                                                          Steven L. Procaccini
                                                            Tel:   908.654.5000
                                                            Fax:   908.654.7866
                                                            E-mail: sprocaccini@ldlkm.com
                                                                     litigation@ldlkm.com

**OF COUNSEL:**
Stanley S. Zinner, Esq.
58 South Service Road, Suite 410
Melville, New York 11747
Tel:   631.414.7730
Fax:   631.414.7732
E-mail: szinner@zinnerassociates.com

### **CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)**

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, neither defendant nor defendant's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject. However, the patent at issue in this case is the subject matter in the following actions:

- *Digital Technology Licensing LLC v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 05-1922 (D.N.J. filed April 11, 2005);

- *Digital Technology Licensing LLC v. Cingular Wireless, LLC.*, Civil Action No. 2:06-cv-156 (E.D. Tex. filed April 11, 2006);

- *Digital Technology Licensing LLC v. T-Mobile USA, Inc.,* Civil Action No. 07-cv-05273 (D.N.J. filed October 25, 2007);

- *Digital Technology Licensing LLC v. Sprint Nextel Corp.* Civil Action No. 07-cv-05432 (D.N.J. filed November 9, 2007);

- *Digital Technology Licensing LLC v. AT&T Mobility, LLC.*, Civil Action No. 07-cv-05454 (D.N.J. filed November 9, 2007).

Dated:  January 10, 2008

LERNER, DAVID, LITTENBERG,
   KRUMHOLZ & MENTLIK, LLP
*Attorneys for Plaintiff Digital Technology Licensing LLC*

By:   s/ Steven L. Procaccini
         Steven L. Procaccini
         Tel:   908.654.5000
         Fax:   908.654.7866
         E-mail:  sprocaccini@ldlkm.com
                    litigation@ldlkm.com

8

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the following documents:

1. DTL'S FIRST AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND DEMAND FOR TRIAL BY JURY

is being served upon the following counsel of record this 10th day of January, 2008, as follows:

**VIA ECF TRANSMISSION**

> John M. Desmarais (JD 6460)
> Jon T. Hohenthaner (JH 1000)
> KIRKLAND & ELLIS LLP
> 153 East 53rd Street
> New York, NY 10022-4611
> Tel: 212.446.4800
> Fax: 212.446.4900
> E-Mail: jdesmarais@kirkland.com
>         jhohenthaner@kirkland.com

OF COUNSEL:

> Russel E. Levine, P.C.
> Paul D. Collier
> Michael I. Cohen
> KIRKLAND & ELLIS LLP
> 200 E. Randolph Dr.
> Chicago, Illinois 60601
> Tel:  312.861.2000
> Fax:  312.861.2200
> E-Mail:  rlevine@kirkland.com
>          pcollier@kirkland.com
>          micohen@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

                                              s/  Steven Procaccini
                                              Steven Procaccini

                                              DTL 6.0-006
                                              Civil Action No. 07-cv-10436

838093_1.DOC