# KIRKLAND & ELLIS LLP

AND AFFILIATED PARTNERSHIPS

200 East Randolph Drive
Chicago, Illinois 60601

Michael I. Cohen
To Call Writer Directly:
312-469-7011
micohen@kirkland.com

(312) 861-2000

www.kirkland.com

Facsimile:
(312) 861-2200
Dir. Fax: 312-660-0406

March 14, 2008

## VIA FEDERAL EXPRESS

Honorable Judge Charles L. Brieant
United State District Judge for the Southern
District of New York
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
Fax: (914) 390-4085

> Re: *Motorola, Inc. v. Digital Technology Licensing LLC*, Civil Action No. 07-
> 10436

Dear Judge Brieant:

I write on behalf of Motorola, Inc. and respectfully request that the Court approve and enter the amended Protective Order for the above-captioned case. A copy of the amended Protective Order is enclosed with this letter as Exhibit A, and has also been sent to the Clerk via email.

Motorola, Inc. and Digital Technology Licensing LLC have conferred and have agreed to the proposed amendment of the Protective Order. The proposed amendment does not modify substantively the provisions of the Protective Order that the Court entered on February 26, 2008, in this matter. Instead, the proposed amendment is intended to clarify language that third parties have found ambiguous, and requested that the parties clarify through amendment. In particular, the proposed amendment removes reference to material designated as "Confidential," and thus references only material designated as "Confidential -- Outside Counsel's Eyes Only" as the only tier of confidentiality.

In addition, the amended Protective Order includes the provision that the Court added to the Protective Order (Paragraph 24) when it entered the Protective Order on February 26, 2008. A document that highlights the proposed amendments to the Protective Order is enclosed with this letter as Exhibit B.

Please do not hesitate to contact me with any questions or concerns.

Hong Kong      London      Los Angeles      Munich      New York      San Francisco      Washington, D.C.

# KIRKLAND & ELLIS LLP

Honorable Judge Charles L. Brieant
March 14, 2008
Page 2

Very truly yours,

Michael I. Cohen

Enclosure

cc:   Clerk of the United States District Court for the Southern District of New York, White
      Plains Courthouse (via email)
      Steven L. Procaccini, Esq.
      (Counsel of record for Defendant Digital Technology Licensing LLC) (via email)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC. ) | |
| ) | |
| ) | Civil Action No. 07-10436 (CLB) (GAY) |
| Plaintiff, Counter-Defendant, ) | |
| ) | District Judge Charles L. Brieant |
| v. ) | |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| DIGITAL TECHNOLOGY LICENSING LLC, ) | |
| ) | |
| Defendant, Counter-Plaintiff. ) | ECF Case |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED that:

1.      All documents and things produced by any party shall be numbered (e.g. Bates numbered) using a prefix bearing the party's name or an abbreviation thereof, such as an acronym or the first three letters of its name so long as the abbreviation differs from all other names/abbreviations. The prefix should be used on a consistent basis and in a manner which makes clear the identity of the producing party.

2.      Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as

"Confidential – Outside Counsel's Eyes Only"

any documents, testimony, or other discovery material that contains "Confidential Information," as defined in the paragraphs below (hereinafter "Protected Material").

3.      No designation of confidentiality shall be made unless the designating party or non-party from whom discovery is sought believes in good faith that the designated material constitutes a trade secret or other confidential research, development, technical or commercial information entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure (herein, "Confidential Information"). Material designated confidential pursuant to this Order shall refer to any so designated document, testimony, or other discovery material, all copies thereof, all abstracts, summaries, notes, or other derivations thereof, and shall also refer to the information contained in such material.

4.      Until or unless the Court rules otherwise, material marked or otherwise designated as "Confidential -- Outside Counsel's Eyes Only" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a)      Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees.

(b)      Outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties, but who are specifically engaged by counsel or the parties to assist in this litigation, and having agreed to be bound by the provisions of the undertaking attached as Exhibit A, and having signed such undertaking. The names of outside testifying experts, along with copies of their signed Exhibit A's, shall be provided to the producing party, who shall have seven (7) calendar days thereafter to object to disclosures under this Order.

(c)      Any court reporter and video recorder operator retained by any party to record a deposition in the Case.

(d)    The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as "Confidential – Outside Counsel's Eyes Only" under this Protective Order.

5.    The parties shall not designate material as "Confidential – Outside Counsel's Eyes Only" unless such Confidential Information comprises or contains competitively sensitive information or confidential third-party information which could be used by another to obtain a competitive advantage over the producing party. The parties agree, without limitation, that the following categories of information qualify for the designation "Confidential – Outside Counsel's Eyes Only":

(a)    Confidential financial information, including but not limited to identifying the number of products sold, total dollar value of sales products, and profit margins for products;

(b)    Non-public technical information, including but not limited to schematic diagrams, technical reference manuals, operations manuals, and the like, including similar information relating to products not yet released for public sale;

(c)    Confidential information regarding the technology used to make the accused products; and

(d)    Confidential marketing information, including but not limited to market analysis, reports and surveys, marketing strategies, and business plans; and

(e)    Confidential contracts and agreements with third-parties, including but not limited to licenses and supply agreements.

–3–

8.      This Order is without prejudice to later agreements or requests from a party to request that the Court give party representatives access to certain information designated "Confidential – Outside Counsel's Eyes Only."

9.      Notwithstanding the paragraphs above, any third-party witness (also including any former director, officer, agent and/or employee of a producing party) may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential – Outside Counsel's Eyes Only" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness. Further, any third-party witness (also including any former director, officer, agent and/or employee of a producing party) may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential – Outside Counsel's Eyes Only" if the producing party so agrees. If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness. At the conclusion of the examination, no witness may retain copies of confidential information received at deposition or trial.

10.      In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection. During the inspection, all such documents or other material shall be considered as marked "Confidential – Outside Counsel's Eyes Only." After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

–5–

11.     No designation shall be effective unless there is placed or affixed on such material a "Confidential – Outside Counsel's Eyes Only." Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential – Outside Counsel's Eyes Only" by an appropriate statement at the time of the giving of such testimony. When such a statement is made, all parties shall maintain the deposition or hearing transcript and information contained therein as so designated up until thirty (30) days after receipt of a copy of the transcript. During that period, the party desiring to maintain confidentiality more than thirty (30) days after a received party's receipt of a copy of the transcript must designate in writing those portions of the transcript regarded as "Confidential – Outside Counsel's Eyes Only." Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order.

12.     Discovery material produced without the designation of "Confidential – Outside Counsel's Eyes Only" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 4, 5, and 6 of this Order and shall destroy or return them to the producing party.

13.     At any time after the delivery of Protected Material, counsel for the party or parties receiving the Protected Material may challenge the confidential designation of all or any portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Material. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected

–6–

Material shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Material. Thereafter, the party or parties challenging the designation of the Protected Material shall have ten (10) days from the date of certification to file a motion to re-designate the Protected Material in dispute. The party or parties producing the Protected Material shall have the burden of establishing that the disputed Protected Material are entitled to confidential treatment. All Protected Material are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of the Protected Material is entitled to confidential treatment.

14.    Any party that mistakenly produces materials protected by the attorney/client privilege, work product doctrine, or other privilege, doctrine, or right may obtain the return of those materials by promptly notifying the recipient(s) of the privilege and providing a privilege log therefore. The recipient(s) shall then gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing party.

15.    All discovery material exchanged between the parties in this action, whether designated under provisions of this Protective Order or not, shall be used solely for the prosecution or defense of the claims in this case.

16.    If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or

–7–

tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) within five business days after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

17.    Within 60 days after the conclusion of this case, including any appeals, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party at the producing party's cost, or, at the option of the receiving party, receiving counsel shall certify in writing that such material has been destroyed. Counsel of record may retain one set of all papers filed with the court, including any Confidential Information filed under seal.

18.    No "Confidential – Outside Counsel's Eyes Only" material shall be filed in the public record of this action. Any document or thing containing or embodying such Confidential Information material shall be filed in a sealed envelope bearing such designation on its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Protective Order.

19.     The restrictions set forth in any of the preceding paragraphs, including paragraphs 4, 5, and 6, shall not apply to information or material that:

(a)     was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(b)     is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c)     was lawfully possessed by the non-designating party prior to the entry by the Court of this Protective Order.

20.     This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

21.     Nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit.  Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Order. Such agreements may be submitted to the Court for entry as an order.

22.     The parties agree that no party or testifying expert is required to maintain or produce drafts of expert reports or communications with counsel relating solely to those drafts; however, in all other respects, the parties and their experts shall fully comply with the disclosure requirements of Rule 26(2)(B) of the Federal Rules of Civil Procedure unless otherwise agreed by the parties to this action.

23.    Privileged communications and work product of any attorney or party client herein with respect to this litigation, or other litigations involving the '799 Patent, that are dated on or after the date of the filing of the Complaint in *Digital Technology Licensing LLC v. Matsushita Electric Industrial Co.*, Case No. 04-cv-03525 (D. Col. 1999), or were created in anticipation of filing such actions, need not be identified on any privilege log.

24.    Nothing shall be filed in the Clerk's Office under seal without the prior consideration of the Court.

So **ORDERED** this ___*i 8*___ day of _____ *March* ___, 2008, in White Plains, New York.

Charles L. Brieant
United State District Judge for the
Southern District of New York

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC. ) | |
| ) | |
| ) | Civil Action No. 07-10436(CLB)(GAY) |
| Plaintiff, Counter-Defendant, ) | |
| ) | District Judge Charles L. Brieant |
| v. ) | |
| ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| DIGITAL TECHNOLOGY LICENSING LLC, ) | |
| ) | |
| Defendant, Counter-Plaintiff. ) | ECF Case |

### ALLEGIANCE TO PROTECTIVE ORDER

STATE OF _____ )
                           ) SS:
COUNTY OF_____ )

    I, _____, having been retained by _____

in connection with the above-captioned lawsuit (or I, _____, party representative

for _____ ), hereby acknowledge that I am about to receive Confidential

Information as defined in the Protective Order agreed to by the parties and so ordered by the

Court in this case.

    I certify my understanding that the Confidential Information is being provided to me

pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy

of and have read and understood my obligations under that Protective Order. I hereby agree to

be bound by the terms of the Protective Order. I clearly understand that the Confidential

Information and my copies or notes relating thereto may only be disclosed to or discussed with

those persons permitted by the Protective Order to receive such material.

Except as otherwise permitted by this Protective Order, I will not share information that I obtain under this Protective Order inside my company, and I will discuss recommendations that I make based on such information, without sharing the substance of Confidential Information, only with senior management making decisions about the litigation.

I will return or destroy all materials containing Confidential Information as required by paragraph 16 of the Protective Order.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue.

I make the above statements under penalty of perjury.

_____

Printed name:_____

Company Name/Address/Phone:

_____

_____

_____

_____

−2−

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC. | ) |
| | ) |
| | ) Civil Action No. 07-10436 (CLB) (GAY) |
| Plaintiff, Counter-Defendant, | ) |
| | ) District Judge Charles L. Brieant |
| v. | ) |
| | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) |
| | ) |
| Defendant, Counter-Plaintiff. | ) ECF Case |

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY
ORDERED that:

1.    All documents and things produced by any party shall be numbered (e.g. Bates
numbered) using a prefix bearing the party's name or an abbreviation thereof, such as an
acronym or the first three letters of its name so long as the abbreviation differs from all other
names/abbreviations.  The prefix should be used on a consistent basis and in a manner which
makes clear the identity of the producing party.

2.    Any party to this action, and any non-party from whom discovery is sought in
connection with this action, may designate as

"Confidential"

or

"Confidential – Outside Counsel's Eyes Only"

any documents, testimony, or other discovery material that contains "Confidential Information,"
as defined in the paragraphs below (hereinafter "Protected Material").

3.      No designation of confidentiality shall be made unless the designating party or non-party from whom discovery is sought believes in good faith that the designated material constitutes a trade secret or other confidential research, development, technical or commercial information entitled to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure (herein, "Confidential Information").  Material designated confidential pursuant to this Order shall refer to any so designated document, testimony, or other discovery material, all copies thereof, all abstracts, summaries, notes, or other derivations thereof, and shall also refer to the information contained in such material.

4.      Until or unless the Court rules otherwise, material marked or otherwise designated as "Confidential **-- Outside Counsel's Eyes Only**" shall be maintained in confidence by the party to whom such material is produced and shall not be disclosed to any person except:

(a)      Outside counsel for the respective parties, including their clerical, litigation support and paralegal employees.

(b)      Outside consultants/experts for each of the parties, who are not employed by or affiliated with any of the parties, but who are specifically engaged by counsel or the parties to assist in this litigation, and having agreed to be bound by the provisions of the undertaking attached as Exhibit A, and having signed such undertaking.  The names of outside testifying experts, along with copies of their signed Exhibit A's, shall be provided to the producing party, who shall have seven (7) calendar days thereafter to object to disclosures under this Order.

(c)      Any court reporter and video recorder operator retained by any party to record a deposition in the Case.

– 2–

(d)    The Court and its officers, court stenographers and outside copy services whose function requires them to have access to material designated as ~~"Confidential" or~~ "Confidential – Outside Counsel's Eyes Only" under this Protective Order.

5.    The parties shall not designate material as "Confidential – Outside Counsel's Eyes Only" unless such Confidential Information comprises or contains competitively sensitive information or confidential third-party information which could be used by another to obtain a competitive advantage over the producing party.  The parties agree, without limitation, that the following categories of information qualify for the designation "Confidential – Outside Counsel's Eyes Only":

(a)    Confidential financial information, including but not limited to identifying the number of products sold, total dollar value of sales products, and profit margins for products;

(b)    Non-public technical information, including but not limited to schematic diagrams, technical reference manuals, operations manuals, and the like, including similar information relating to products not yet released for public sale;

(c)    Confidential information regarding the technology used to make the accused products; and

(d)    Confidential marketing information, including but not limited to market analysis, reports and surveys, marketing strategies, and business plans; and

(e)    Confidential contracts and agreements with third-parties, including but not limited to licenses and supply agreements.

– 3–

6.      All documents and things produced in connection with this action that were previously produced by any party or third party in connection with any separate action, *e.g.*, documents and things produced by Verizon Wireless, Lucent Technologies, or Motorola, Inc., in connection with *Digital Technology Licensing LLC v. Cello Partnership d/b/a Verizon Wireless*, Civil Action No. 05-1922 (D.N.J.), or by Cingular Wireless LLC, or Motorola, Inc., in connection with *Digital Technology Licensing LLC v. Cingular Wireless LLC*, Civil Action No. 2:06-cv-156 (E.D. Tex.) shall be designated "Confidential – Outside Counsel's Eyes Only." In addition, all documents and things ~~subject to the restrictions in paragraph 6 of this Order~~**produced in those actions** shall be identified by written notification to the receiving party.

7.      Unless otherwise directed by the Court or authorized in writing by the producing party, no person involved in Patent Prosecution shall be provided access to any material designated "Confidential – Outside Counsel's Eyes Only" or to any information directly derived from such designated material. In addition, any person who has been provided access to any material designated "Confidential – Outside Counsel's Eyes Only" or to any information directly derived from such designated material shall not thereafter for a period of one year after conclusion of this case participate in Patent Prosecution. For purposes of this Protective Order, Patent Prosecution shall be defined as preparing, drafting, reviewing, filing, responding to office actions, signing oaths or declarations, or prosecuting patent applications or patents, or assisting in any of these activities, with respect to any patent disclosing or claiming (in whole or in part) the subject matter of: (a) the patent asserted in this Action, and (b) any patent or patent application that is related to the patent asserted in this Action (e.g., parents, grand-parents, continuations, continuations-in-part, divisionals, foreign counterparts, reissues or reexaminations).

8.      This Order is without prejudice to later agreements or requests from a party to request that the Court give party representatives access to certain information designated "Confidential – Outside Counsel's Eyes Only."

9.      Notwithstanding the paragraphs above, any third-party witness (also including any former director, officer, agent and/or employee of a producing party) may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" if it appears from the face of the document that the witness authored or previously received a copy of it, or if specific documentary or testimonial evidence establishes that the document was communicated to or received from the witness. Further, any third-party witness (also including any former director, officer, agent and/or employee of a producing party) may be shown or examined on, at a deposition or at trial, any document containing material designated "Confidential" or "Confidential – Outside Counsel's Eyes Only" if the producing party so agrees.  If at any time, it appears that the witness is not familiar with the document, the examining attorney will forthwith remove the document from the view of the witness.  At the conclusion of the examination, no witness may retain copies of confidential information received at deposition or trial.

10.     In the event the producing party elects to produce original documents or other material for inspection, no markings need be made by the producing party in advance of the inspection.  During the inspection, all such documents or other material shall be considered as marked "Confidential – Outside Counsel's Eyes Only."  After selection by the inspecting party of specified documents or material for copying, the producing party shall make the appropriate

copies, and the appropriate confidentiality designations shall be placed on the specified documents or materials prior to providing the copies to the inspecting party.

11.    No designation shall be effective unless there is placed or affixed on such material a "Confidential" or "Confidential – Outside Counsel's Eyes Only." Testimony given at a deposition or hearing and the resulting transcript may be designated as "Confidential" or "Confidential – Outside Counsel's Eyes Only" by an appropriate statement at the time of the giving of such testimony. When such a statement is made, all parties shall maintain the deposition or hearing transcript and information contained therein as so designated up until thirty (30) days after receipt of a copy of the transcript. During that period, the party desiring to maintain confidentiality more than thirty (30) days after a received party's receipt of a copy of the transcript must designate in writing those portions of the transcript regarded as "Confidential" or "Confidential – Outside Counsel's Eyes Only." Only those portions designated in writing will thereafter be handled and marked in accordance with the provisions of this Protective Order.

12.    Discovery material produced without the designation of "Confidential" or "Confidential – Outside Counsel's Eyes Only" may be so designated subsequent to production or testimony when the producing party failed to make such designation at the time of production or during the testimony through inadvertence or error. If discovery material is designated subsequent to production or testimony, the receiving party promptly shall collect any copies that have been provided to individuals other than those authorized in paragraphs 4, 5, and 6 of this Order and shall destroy or return them to the producing party.

13.    At any time after the delivery of Protected Material, counsel for the party or parties receiving the Protected Material may challenge the confidential designation of all or any

-- 6--

portion thereof by providing written notice thereof to counsel for the party disclosing or producing the Protected Material. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the party or parties receiving the Protected Material shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Protected Material. Thereafter, the party or parties challenging the designation of the Protected Material shall have ten (10) days from the date of certification to file a motion to re-designate the Protected Material in dispute. The party or parties producing the Protected Material shall have the burden of establishing that the disputed Protected Material are entitled to confidential treatment. All Protected Material are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, or a contrary determination is made by the Court as to whether all or a portion of the Protected Material is entitled to confidential treatment.

      14.      Any party that mistakenly produces materials protected by the attorney/client privilege, work product doctrine, or other privilege, doctrine, or right may obtain the return of those materials by promptly notifying the recipient(s) of the privilege and providing a privilege log therefore. The recipient(s) shall then gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient which shall instead be destroyed and certified as such by the recipient to the producing party.

      15.      All discovery material exchanged between the parties in this action, whether designated under provisions of this Protective Order or not, shall be used solely for the prosecution or defense of the claims in this case.

– 7–

16.     If Confidential Information in the possession, custody, or control of any receiving party is sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the receiving party to whom the process or discovery request is directed shall (i) within five business days after receipt thereof, give written notice of such process or discovery request together with a copy thereof, to counsel for the producing party; (ii) cooperate to the extent necessary to permit the producing party to seek to quash such process or discovery request; and (iii) not make production or disclosure of such Confidential Information until the producing party consents in writing to production or the receiving party is ordered by a court of competent jurisdiction to produce or disclose such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

17.     Within 60 days after the conclusion of this case, including any appeals, all Confidential Information designated and produced hereunder, and all copies thereof, shall be returned to the producing party at the producing party's cost, or, at the option of the receiving party, receiving counsel shall certify in writing that such material has been destroyed. Counsel of record may retain one set of all papers filed with the court, including any Confidential Information filed under seal.

18.     No ~~"Confidential" or~~ "Confidential – Outside Counsel's Eyes Only" material shall be filed in the public record of this action. Any document or thing containing or embodying such Confidential Information material shall be filed in a sealed envelope bearing such designation on

– 8–

its front face. In addition, the envelope shall bear the caption of the case, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Protective Order.

19.     The restrictions set forth in any of the preceding paragraphs, including paragraphs 4, 5, and 6, shall not apply to information or material that:

(a)     was, is, or becomes public knowledge in a manner other than by violation of this Protective Order;

(b)     is acquired by the non-designating party from a third party having the right to disclose such information or material; or

(c)     was lawfully possessed by the non-designating party prior to the entry by the Court of this Protective Order.

20.     This Protective Order shall remain in full force and effect after the termination of this litigation, or until canceled or otherwise modified by Order of this Court.

21.     Nothing in this Protective Order prevents a party from disclosing its own documents and information as it sees fit. Parties may also agree among themselves in a signed writing to permit access to their own documents and information notwithstanding this Order. Such agreements may be submitted to the Court for entry as an order.

22.     The parties agree that no party or testifying expert is required to maintain or produce drafts of expert reports or communications with counsel relating solely to those drafts; however, in all other respects, the parties and their experts shall fully comply with the disclosure

–9–

requirements of Rule 26(2)(B) of the Federal Rules of Civil Procedure unless otherwise agreed by the parties to this action.

23.    Privileged communications and work product of any attorney or party client herein with respect to this litigation, or other litigations involving the '799 Patent, that are dated on or after the date of the filing of the Complaint in *Digital Technology Licensing LLC v. Matsushita Electric Industrial Co.*, Case No. 04-cv-03525 (D. Col. 1999), or were created in anticipation of filing such actions, need not be identified on any privilege log.

24.    **Nothing shall be filed in the Clerk's Office under seal without the prior consideration of the Court.**

So **ORDERED** ~~and **SIGNED**~~ this _____ day of _____, ~~2008.~~**2008, in White Plains, New York.**

_____

Charles          L.          Brieant
United   State   District   Judge   for   the
Southern District of New York

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MOTOROLA, INC. | ) | |
| | ) | |
| | ) | Civil Action No. 07-10436(CLB)(GAY) |
| Plaintiff, Counter-Defendant, | ) | |
| | ) | District Judge Charles L. Brieant |
| v. | ) | |
| | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | |
| | ) | |
| Defendant, Counter-Plaintiff. | ) | ECF Case |

ALLEGIANCE TO PROTECTIVE ORDER

STATE OF _____ )
                                             ) SS:
COUNTY OF_____ _____ )

    I, _____, having been retained by _____ _____

in connection with the above-captioned lawsuit (or I, _____, party representative

for _____ _____ ), hereby acknowledge that I am about to receive Confidential

Information as defined in the Protective Order agreed to by the parties and so ordered by the

Court in this case.

    I certify my understanding that the Confidential Information is being provided to me

pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy

of and have read and understood my obligations under that Protective Order.  I hereby agree to

be bound by the terms of the Protective Order.  I clearly understand that the Confidential

Document comparison done by Workshare DeltaView on Friday, March 14, 2008 10:13:09 AM

| Input: | |
|---|---|
| Document 1 | file://C:/data/motorola/Digital Technology/Motorola DJ action/Protective Order/Proposed Motorola_DTL Protective Order_Civ. No. 07-10436 (CLB)(GAY).as entered 022608.doc |
| Document 2 | file://C:/data/motorola/Digital Technology/Motorola DJ action/Protective Order/Proposed Motorola_DTL Protective Order_Civ. No. 07-10436 (CLB)(GAY).as proposed 031408.doc |
| Rendering set | Basic K&E |

| Legend | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| *~~Moved from~~* | |
| *Moved to* | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary | | |
|---|---|---|
| No. | Change | Text |
| 1 | Deletion | "Confidential" |
| 2 | Deletion | or |
| 3 | Change | "otherwise designated as...maintained in confidence" changed to "otherwise designated as...maintained in confidence" |
| 4 | Change | "access to material...– Outside Counsel" changed to "access to material...– Outside Counsel" |
| 5-6 | Change | "addition, all documents...be identified by written" changed to "addition, all documents...be identified by written" |
| 7 | Change | "material designated...– Outside Counsel" changed to "material designated...– Outside |

| | | Counsel" |
|---|---|---|
| 8 | Change | "material designated...– Outside Counsel" changed to "material designated...– Outside Counsel" |
| 9 | Change | "on such material a...– Outside Counsel" changed to "on such material a...– Outside Counsel" |
| 10 | Change | "transcript may be...– Outside Counsel" changed to "transcript may be...– Outside Counsel" |
| 11 | Change | "transcript regarded as...– Outside Counsel" changed to "transcript regarded as...– Outside Counsel" |
| 12 | Change | "produced without the...– Outside Counsel" changed to "produced without the...– Outside Counsel" |
| 13 | Change | "18.    No "Confidential" or...– Outside Counsel" changed to "18.       No "Confidential – Outside Counsel" |
| 14-15 | Insertion | 24.      Nothing shall be...of the Court. |
| 16 | Change | "So ORDERED and SIGNED...of _____," changed to "So ORDERED this _____ day of _____." |
| 17-18 | Change | "_____ day of _____, 2008." changed to "_____ day of...White Plains, New York." |

| Statistics: | | |
|---|---|---|
| | Count | |
| Insertions | | 5 |
| Deletions | | 13 |
| Moved from | | 0 |
| Moved to | | 0 |
| Style change | | 0 |
| Format changed | | 0 |
| Total changes | | 18 |