**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOTOROLA, INC., | ) |
| | )    Civil Action No. 07-10436 (CLB) (GAY) |
| | ) |
| Plaintiff, Counter-Defendant, | )    District Judge Charles L. Brieant |
| | ) |
| v. | )    Magistrate Judge George A. Yanthis |
| | ) |
| | ) |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) |
| | )    ECF Case |
| | )    Document Filed Electronically |
| Defendant, Counter-Plaintiff. | ) |

**DECLARATION OF PAUL D. COLLIER IN SUPPORT OF MOTOROLA'S**
**UNOPPOSED MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND REPLY TO**
**DTL'S COUNTERCLAIMS**

I, Paul D. Collier, declare:

I am an attorney with the law firm of Kirkland & Ellis LLP ("Kirkland"), counsel of record for Plaintiff Motorola, Inc. ("Motorola") in this case. I am duly admitted *pro hac vice* and qualified to practice in this case, and I have personal knowledge of the following facts and would and could testify competently to the following statements if called as a witness.

1.     Counsel for Motorola and counsel for DTL met and conferred regarding the substance of this Motion, and counsel for DTL informed counsel for Motorola that it does not oppose the Motion.

2.     Attached hereto at Exhibit A is a true and accurate copy of Motorola's Proposed Amended Complaint.

3.     Attached hereto at Exhibit B is a true and accurate copy of Motorola's Proposed First Amended Reply to DTL's Counterclaims.

4.    Attached hereto at Exhibit C is a true and accurate copy of a redline comparison between Motorola's Proposed Amended Complaint and its Original Complaint.

5.    Attached hereto at Exhibit D is a true and accurate copy of a redline comparison between Motorola's Proposed First Amended Reply to DTL's Counterclaims and its Original Reply.

6.    Attached hereto at Exhibit E is a true and accurate copy of the Declaration of Commercial Success that the named inventors of the '799 patent signed on November 16, 1990 and filed with the U.S. Patent and Trademark Office on November 23, 1990.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct to the best of my personal knowledge, information, and belief.

Dated: March 21, 2008

Paul D. Collier
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
pcollier@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **DECLARATION OF PAUL D. COLLIER IN SUPPORT OF MOTOROLA'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND REPLY TO DTL'S COUNTERCLAIMS** was served on counsel of record as listed below via electronic mail on March 21, 2008:

*Attorneys for Defendant Digital Technology Licensing LLC*

Steven L. Procaccini, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 518-6373
Fax: (908) 654-7866
sprocaccini@ldlkm.com


/s/ Michael I. Cohen

*Attorney for Plaintiff Motorola, Inc.*

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC., ) | Civil Action No. 07-10436 (CLB) (GAY) |
| ) | |
| Plaintiff, Counter-Defendant, ) | District Judge Charles L. Brieant |
| ) | |
| v. ) | Magistrate Judge George A. Yanthis |
| ) | |
| DIGITAL TECHNOLOGY LICENSING LLC, ) | **AMENDED COMPLAINT FOR** |
| ) | **DECLARATORY JUDGMENT** |
| ) | |
| Defendant, Counter-Plaintiff. ) | **DEMAND FOR JURY TRIAL** |

### AMENDED COMPLAINT

Plaintiff Motorola, Inc. ("Motorola") for its Amended Complaint against Defendant

Digital Technology Licensing LLC ("DTL") hereby demands a jury trial and alleges as follows:

### PARTIES

1.       Plaintiff Motorola is a Delaware corporation with its principal place of business at

1303 East Algonquin Road, Schaumburg, IL 60196.

2.       Defendant DTL is a limited liability company organized and existing under the

laws of the State of New York with its principal place of business at 75 Montebello Park,

Suffern, NY 10901-3740.

### NATURE OF ACTION

3.       In this action, Motorola seeks a declaratory judgment of patent non-infringement,

invalidity, and unenforceability of a United States Patent pursuant to the Declaratory Judgment

Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*,

and such other relief as the Court deems just and proper.

## JURISDICTION

4.      This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 2201-02 and 28 U.S.C. §§ 1331 and 1338(a).  DTL is subject to this Court's personal jurisdiction because it is a resident of this district.

## VENUE

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b), (c) and 1400(b) because Defendant DTL is organized, resides and/or engages in significant business activities in this district.

## FACTUAL BACKGROUND

6.      U.S. Patent No. 5,051,799 ("the '799 patent"), entitled "Digital Output Transducer," was filed on February 17, 1989, and issued on September 24, 1991.  The inventors named on the patent are Jon D. Paul, Mark D. Clayton and Anthony M. Agnello.  A copy of the '799 patent is attached hereto as Exhibit A.

7.      On information and belief, DTL is the assignee and purports to be the owner of the '799 patent.

8.      DTL has initiated patent infringement suits against telecommunication carriers asserting infringement of the '799 patent.  Specifically, DTL has filed complaints against telecommunication carriers, including Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Cingular Wireless LLC ("Cingular"), T-Mobile U.S.A. ("T-Mobile"), Sprint Nextel Corp. ("Sprint"), and AT&T Mobility ("AT&T") asserting that they infringe the '799 patent by offering to sell and selling digital cellular handsets, and by using and inducing others to use digital cellular telephone systems, including cellular equipment provided by Motorola.  Motorola supplies and/or has supplied telecommunication carriers, including Verizon, Cingular, T-Mobile, Sprint, and AT&T, with digital cellular handsets and/or digital cellular equipment.  Motorola has

2

received requests for indemnification based on DTL's assertion of infringement under the '799 patent.

9.      DTL believes that it is owed a royalty under the '799 patent for digital cellular systems, including digital cellular handsets and equipment sold by Motorola.

10.     Motorola believes that it has a right to manufacture, offer to sell and sell digital cellular handsets and equipment without a license to the '799 patent, and therefore does not owe a royalty to DTL for digital cellular handsets and equipment sold to its customers.  Accordingly, there is an actual controversy between Motorola and DTL.

## COUNT I

**(Declaratory Judgment Action For A Declaration Of Non-Infringement, Invalidity And Unenforceability Of U.S. Patent No. 5,051,799)**

11.     Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12.     A valid and justifiable controversy has arisen and exists between Motorola and DTL within the meaning of 28 U.S.C. .§ 2201.

13.     Motorola is not infringing, and has not infringed, directly or indirectly, any valid and enforceable claim of the '799 patent either literally or under the doctrine of equivalents.

14.     The '799 patent is invalid because of its failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

15.     The '799 patent is unenforceable due to laches and inequitable conduct in its procurement.

16.     One or more of the named inventors of the '799 patent had knowledge of, *inter alia*, U.S. Patent Nos. 4,318,188 ("the '188 patent") and 4,796,287 ("the '287 patent") prior to and during the prosecution of the patent application that led to the '799 patent.  The '188 patent

3

issued on March 2, 1982, more than one year before the filing date for the '799 patent, and is material prior art to the '799 patent under 35 U.S.C. § 102(b).  The '287 patent issued on January 3, 1989 and filed on September 27, 1985, before the filing date for the '799 patent, and is material prior art to the '799 patent under 35 U.S.C. §§ 102(a),(e).

17.     More particularly, prior to filing the '799 patent application, Mr. Paul, one of the named inventors, conducted a search of a patent database using search terms that he considered would generate potentially material references to the alleged invention of the '799 patent.  Based on this search, he identified several references that were potentially relevant, including the '188 and '287 patents.  Mr. Paul shared, at least partially, the results of this prior art search with the other inventors of the '799 patent, and distributed a copy of at least the '188 patent to the other inventors.

18.     The references from the prior art search that Mr. Paul conducted prior to filing the patent application, including the '188 and '287 patents, were and are material to the patentability of the '799 patent.  One or more of the inventors intentionally failed to cite to the United States Patent and Trademark Office ("PTO") any of the references that Mr. Paul identified from his prior art search.

19.     During prosecution of the '799 patent, the inventors submitted a Declaration of Commercial Success that was intended to overcome the PTO's Office Action that rejected the claims in view of the prior art.  In particular, the inventors represented that the "Digital Output Transducer has achieved commercial success in that between the dates of March 15, 1989, and November 1, 1990, a quantity of 150 finished and operable digital output transducers have been manufactured and shipped to professional customers and placed in use in the manner described in the above-titled application, Serial #07/313,069, filed February 17, 1989."  On information

4

and belief, the inventors misrepresented the commercial success of the alleged invention by inflating the number of digital output transducers commercially sold in an effort to overcome the rejection in view of the prior art.

20.     This failure to cite material prior art and the misrepresentation of a material fact regarding commercial success to the PTO was undertaken with an intent to deceive. This conduct constitutes inequitable conduct and renders the '799 patent permanently unenforceable.

21.     A judicial declaration of non-infringement, invalidity and unenforceability is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Motorola respectfully requests that this Court enter judgment in its favor and against Defendant DTL and grant the following relief:

A.     Declaring that Motorola does not infringe, and has not infringed, directly or indirectly, any of the claims of U.S. Patent No. 5,051,799 under any subsection of 35 U.S.C. § 271;

B.     Declaring that U.S. Patent No. 5,051,799 is invalid under 35 U.S.C. §§ 102, 103, and/or 112;

C.     Declaring that U.S. Patent No. 5,051,799 is unenforceable due to laches;

D.     Declaring that U.S. Patent No. 5,051,799 is unenforceable due to inequitable conduct in the procurement of U.S. Patent No. 5,051,799;

E.     Permanently enjoining Defendant DTL, its officers, agents, servants, employees, and other representatives, and all persons in active concert or participating with any of them, from charging infringement of, or instituting any action for alleged infringement against Motorola, or Motorola's customers (direct or indirect) based on the use or sale of Motorola digital cellular handsets and equipment, of U.S. Patent No. 5,051,799;

5

F.      Awarding Motorola its attorneys' fees and costs in this action; and

G.      Awarding Motorola such other and further relief as the Court may deem appropriate and just under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff Motorola, Inc. hereby demands a jury trial.

Dated: March 21, 2008                    Respectfully submitted,

                                         /s/Michael I. Cohen
                                         _____

                                         Russell E. Levine, P.C. (RL2466)
                                         Paul D. Collier
                                         Michael I. Cohen
                                         KIRKLAND & ELLIS LLP
                                         200 E. Randolph Dr.
                                         Chicago, Illinois 60601
                                         (312) 861-2000 (telephone)
                                         (312) 861-2200 (facsimile)
                                         rlevine@kirkland.com
                                         pcollier@kirkland.com
                                         micohen@kirkland.com

                                         John M. Desmarais, P.C. (JD6460)
                                         Jon T. Hohenthaner (JH1000)
                                         KIRKLAND & ELLIS LLP
                                         Citigroup Center
                                         153 East 53rd Street
                                         New York, New York 10022-4611
                                         (212) 446-6466 (telephone)
                                         (312) 660-0766 (facsimile)
                                         jdesmarais@kirkland.com
                                         jhohenthaner@kirkland.com

                                         *Attorneys for Plaintiff Motorola, Inc.*

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC., ) | |
| ) | Civil Action No. 07-10436 (CLB) (GAY) |
| ) | |
| Plaintiff, Counter-Defendant, ) | District Judge Charles L. Brieant |
| ) | |
| v. ) | Magistrate Judge George A. Yanthis |
| ) | |
| ) | |
| DIGITAL TECHNOLOGY LICENSING LLC, ) | |
| ) | **DEMAND FOR JURY TRIAL** |
| ) | |
| Defendant, Counter-Plaintiff. ) | |

## PLAINTIFF MOTOROLA, INC.'S FIRST AMENDED REPLY TO
## DIGITAL TECHNOLOGY LICENSING LLC'S AMENDED COUNTERCLAIM

Plaintiff/Counter-Defendant Motorola, Inc. ("Motorola") for its Reply to Defendant/Counter-Plaintiff Digital Technology Licensing LLC's ("DTL") Amended Counterclaim repeats its demand for a jury trial and hereby replies as follows:

1.      Motorola admits the allegations of Paragraph 1.

2.      Motorola admits the allegations of Paragraph 2.

3.      Motorola admits that DTL's Counterclaim purports to recite an action arising under the Patent Laws of the United States.  Motorola further admits that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1338(a).

4.      Motorola admits that it supplies and/or has supplied telecommunications carriers, including Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, and T-Mobile USA, with digital cellular handsets, digital cellular infrastructure equipment, and other wireless communications equipment in the United States generally, and in the Southern District of New York.  Motorola denies the remaining allegations of Paragraph 4.

5.      Motorola admits that venue is proper in this jurisdiction.

6.      Motorola admits that this Court has personal jurisdiction over Motorola. Motorola denies the remaining allegations of Paragraph 6.

7.      Motorola admits that U.S. Patent No. 5,051,799 (the "'799 patent") is entitled "Digital Output Transducer" and issued on September 24, 1991.  Motorola further admits that the '799 patent, on its face, identifies Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello as named inventors.  Motorola denies that the '799 patent was legally issued.  Motorola lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and accordingly denies them.

8.      Motorola admits that DTL purports to be the owner by assignment of the '799 patent.  Motorola lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and accordingly denies them.

9.      Motorola denies the allegations of Paragraph 9.

10.     Motorola denies the allegations of Paragraph 10.

11.     Motorola denies the allegations of Paragraph 11.

12.     Motorola denies that DTL is entitled to any remedy from this Court, at law or otherwise.

WHEREFORE, Motorola denies that DTL is entitled to any judgment against Motorola and further replies that:

A.      Motorola denies that there has been any infringement by Motorola and denies that any order against Motorola is warranted;

2

B.      Motorola denies that the '799 patent is valid and enforceable and, therefore, denies that a judicial declaration that the '799 patent is valid and enforceable is either possible or warranted;

C.      Motorola is entitled to a judicial declaration that its products do not infringe any valid and enforceable claim of the '799 patent, that the claims of the '799 patent are invalid, and that the '799 patent is unenforceable and, accordingly, denies that Motorola's claims should be dismissed;

D.      Motorola denies that there has been any infringement by Motorola and denies that any injunction against Motorola is warranted;

E.      Motorola denies that there has been any infringement by Motorola, denies that DTL is entitled to damages of any kind, treble or otherwise, and denies that DTL is entitled to interest of any kind from Motorola;

F.      Motorola denies that  DTL is entitled to recover its attorneys' fees from Motorola pursuant to 28 U.S.C. § 285;

G.      Motorola denies that DTL is entitled to costs;

H.      Motorola denies that DTL is entitled to relief of any kind from this Court.

## AFFIRMATIVE DEFENSES

Motorola alleges and asserts the following defenses in response to the allegations of DTL's Amended Counterclaim, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

## First Affirmative Defense

Motorola has not infringed, contributed to the infringement of, and induced others to infringe any valid and enforceable claim of the '799 patent.  Motorola cannot contribute to or induce the alleged infringement of any party who has a valid and enforceable license to the '799

3

patent because there is no direct infringement as the licensed party's activities are licensed under the '799 patent.

## Second Affirmative Defense

The claims of the '799 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

## Third Affirmative Defense

The '799 patent is unenforceable because of inequitable conduct committed by the patent applicants during the prosecution of the application that led to the issuance of the '799 patent. As support for this affirmative defense, Motorola repeats, realleges and incorporates by reference the allegations and averments in Paragraphs 18 through 21 of Motorola's Complaint for Declaratory Judgment filed in this proceeding.

## Fourth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred or estopped based on arguments and amendments contained in the prosecution history for the '799 patent.

## Fifth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, under the doctrine of laches and/or the doctrine of equitable estoppel.

## Sixth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, under 35 U.S.C. § 286 for all events occurring more than six years prior to the filing in this action.

**Seventh Affirmative Defense**

DTL's Counterclaim for damages for the alleged infringement is barred, at least in part, for failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. § 287.

**Eighth Affirmative Defense**

DTL's Counterclaim for alleged infringement is barred, at least in part, by express or implied license and/or by the doctrine of patent exhaustion.

**Ninth Affirmative Defense**

DTL's Counterclaim for damages for the alleged infringement is barred, at least in part, because Defendant has received full compensation from parties who are licensed under the '799 patent for any alleged infringement.

Dated: March 21, 2008               Respectfully submitted,

/s/Michael I. Cohen

Russell E. Levine, P.C. (RL2466)
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
rlevine@kirkland.com
pcollier@kirkland.com
micohen@kirkland.com

John M. Desmarais, P.C. (JD6460)
Jon T. Hohenthaner (JH1000)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-6466 (telephone)
(312) 660-0766 (facsimile)
jdesmarais@kirkland.com
jhohenthaner@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK



**MOTOROLA, INC.,**

**Plaintiff, Counter-Defendant,**

**v.**

~~MOTOROLA, INC.,~~

~~Plaintiff,~~

~~———— v.~~

DIGITAL TECHNOLOGY LICENSING LLC,

~~Defendant.~~

**Defendant, Counter-Plaintiff.**

Civil Action No. **07-10436 (CLB) (GAY)**

**District Judge Charles L. Brieant**

**Magistrate Judge George A. Yanthis**

**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

## AMENDED COMPLAINT

Plaintiff Motorola, Inc. ("Motorola") for its **Amended** Complaint against Defendant Digital Technology Licensing LLC ("DTL") hereby demands a jury trial and alleges as follows:

### PARTIES

1.     Plaintiff Motorola is a Delaware corporation with its principal place of business at 1303 East Algonquin Road, Schaumburg, IL 60196.

2.     Defendant DTL is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 75 Montebello Park, Suffern, NY 10901-3740.

## NATURE OF ACTION

3.      In this action, Motorola seeks a declaratory judgment of patent non-infringement, invalidity, and unenforceability of a United States Patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and such other relief as the Court deems just and proper.

## JURISDICTION

4.      This Court has subject matter jurisdiction over the subject matter of this action under 28 U.S.C. §§ 2201-02 and 28 U.S.C. §§ 1331 and 1338(a).  DTL is subject to this Court's personal jurisdiction because it is a resident of this district.

## VENUE

5.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b), (c) and 1400(b) because Defendant DTL is organized, resides and/or engages in significant business activities in this district.

## FACTUAL BACKGROUND

6.      U.S. Patent No. 5,051,799 ("the '799 patent"), entitled "Digital Output Transducer," was filed on February 17, 1989, and issued on September 24, 1991.  The inventors named on the patent are Jon D. Paul, Mark D. Clayton and Anthony M. Agnello.  A copy of the '799 patent is attached hereto as Exhibit A.

7.      On information and belief, DTL is the assignee and purports to be the owner of the '799 patent.

8.      DTL has initiated patent infringement suits against  telecommunication carriers asserting infringement of the '799 patent.  Specifically, DTL has filed complaints against telecommunication carriers, including Cellco Partnership d/b/a Verizon Wireless ("Verizon"), Cingular Wireless LLC ("Cingular"), T-Mobile U.S.A. ("T-Mobile"), Sprint Nextel Corp.

2

("Sprint"), and AT&T Mobility ("AT&T") asserting that they infringe the '799 patent by offering to sell and selling digital cellular handsets, and by using and inducing others to use digital cellular telephone systems, including cellular equipment provided by Motorola.  Motorola supplies and/or has supplied telecommunication carriers, including Verizon, Cingular, T-Mobile, Sprint, and AT&T, with digital cellular handsets and/or digital cellular equipment.  Motorola has received requests for indemnification based on DTL's assertion of infringement under the '799 patent.

9.      DTL believes that it is owed a royalty under the '799 patent for digital cellular systems, including digital cellular handsets and equipment sold by Motorola.

10.     Motorola believes that it has a right to manufacture, offer to sell and sell digital cellular handsets and equipment without a license to the '799 patent, and therefore does not owe a royalty to DTL for digital cellular handsets and equipment sold to its customers.  Accordingly, there is an actual controversy between Motorola and DTL.

## COUNT I

**(Declaratory Judgment Action For A Declaration Of Non-Infringement, Invalidity And Unenforceability Of U.S. Patent No. 5,051,799)**

11.     Paragraphs 1 through 10 are incorporated by reference as if fully set forth herein.

12.     A valid and justifiable controversy has arisen and exists between Motorola and DTL within the meaning of 28 U.S.C. .§ 2201.

13.     Motorola is not infringing, and has not infringed, directly or indirectly, any valid and enforceable claim of the '799 patent either literally or under the doctrine of equivalents.

14.     The '799 patent is invalid because of its failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

15.     The '799 patent is unenforceable due to laches and inequitable conduct in its procurement.

3

16.     One or more of the named inventors of the '799 patent had knowledge of, *inter alia*, U.S. Patent Nos. 4,318,188 ("the '188 patent") and 4,796,287 ("the '287 patent") prior to and during the prosecution of the patent application that led to the '799 patent.  The '188 patent issued on March 2, 1982, more than one year before the filing date for the '799 patent, and is material prior art to the '799 patent under 35 U.S.C. § 102(b).  The '287 patent issued on January 3, 1989 and filed on September 27, 1985, before the filing date for the '799 patent, and is material prior art to the '799 patent under 35 U.S.C. §§ 102(a),(e).

17.     More particularly, prior to filing the '799 patent application, Mr. Paul, one of the named inventors, conducted a search of a patent database using search terms that he considered would generate potentially material references to the alleged invention of the '799 patent.  Based on this search, he identified several references that were potentially relevant, including the '188 and '287 patents.  Mr. Paul shared, at least partially, the results of this prior art search with the other inventors of the '799 patent, and distributed a copy of at least the '188 patent to the other inventors.

18.     The references from the prior art search that Mr. Paul conducted prior to filing the patent application, including the '188 and '287 patents, were and are material to the patentability of the '799 patent.  One or more of the inventors intentionally failed to cite to the United States Patent and Trademark Office **("PTO")** any of the references that Mr. Paul identified from his prior art search.

**19.     During prosecution of the '799 patent, the inventors submitted a Declaration of Commercial Success that was intended to overcome the PTO's Office Action that rejected the claims in view of the prior art.  In particular, the inventors represented that the "Digital Output Transducer has achieved commercial success in that between the dates of March 15,**

4

**1989, and November 1, 1990, a quantity of 150 finished and operable digital output transducers have been manufactured and shipped to professional customers and placed in use in the manner described in the above-titled application, Serial #07/313,069, filed February 17, 1989."  On information and belief, the inventors misrepresented the commercial success of the alleged invention by inflating the number of digital output transducers commercially sold in an effort to overcome the rejection in view of the prior art.**

**20.**     ~~19.~~ This failure to cite material prior art ~~to the United States Patent and Trademark Office~~**and the misrepresentation of a material fact regarding commercial success to the PTO** was undertaken with an intent to deceive.  This **conduct** constitutes inequitable conduct and renders the '799 patent permanently unenforceable.

**21.**     ~~20.~~ A judicial declaration of non-infringement, invalidity and unenforceability is necessary and appropriate to resolve this controversy.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Motorola respectfully requests that this Court enter judgment in its favor and against Defendant DTL and grant the following relief:

A.     Declaring that Motorola does not infringe, and has not infringed, directly or indirectly, any of the claims of U.S. Patent No. 5,051,799 under any subsection of 35 U.S.C. § 271;

B.     Declaring that U.S. Patent No. 5,051,799 is invalid under 35 U.S.C. §§ 102, 103, and/or 112;

C.     Declaring that U.S. Patent No. 5,051,799 is unenforceable due to laches;

D.     Declaring that U.S. Patent No. 5,051,799 is unenforceable due to inequitable conduct in the procurement of U.S. Patent No. 5,051,799;

E.     Permanently enjoining Defendant DTL, its officers, agents, servants, employees, and other representatives, and all persons in active concert or participating with any of them, from

charging infringement of, or instituting any action for alleged infringement against Motorola, or Motorola's customers (direct or indirect) based on the use or sale of Motorola digital cellular handsets and equipment, of U.S. Patent No. 5,051,799;

F. Awarding Motorola its attorneys' fees and costs in this action; and

G. Awarding Motorola such other and further relief as the Court may deem appropriate and just under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff Motorola, Inc. hereby demands a jury trial.

Dated: ~~November 19, 2007~~**March 21, 2008**          Respectfully submitted,

_____

~~John M. Desmarais (JD 6460)~~
~~Jon T. Hohenthaner (JH 1000)~~
~~KIRKLAND & ELLIS LLP~~
~~_153 East 53rd Street_~~
~~_New York, New York 10022-4611_~~
~~(212) 446-4800 (telephone)~~
~~(212) 446-4900 (facsimile)~~
~~jdesmarais@kirkland.com~~
~~_jhohenthaner@kirkland.com_~~

**OF COUNSEL~~:~~**

**/s/Michael I. Cohen**
_____

Russell E. Levine, P.C. **(RL2466)**
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
rlevine@kirkland.com
pcollier@kirkland.com
micohen@kirkland.com

**John M. Desmarais, P.C. (JD6460)**
**Jon T. Hohenthaner (JH1000)**
**KIRKLAND & ELLIS LLP**
**Citigroup Center**
_153 East 53rd Street_
_New York, New York 10022-4611_
**(212) 446-6466 (telephone)**
**(312) 660-0766 (facsimile)**
**jdesmarais@kirkland.com**
_jhohenthaner@kirkland.com_

_Attorneys for Plaintiff Motorola, Inc._

Document comparison done by Workshare DeltaView on Friday, March 21, 2008 5:43:03 PM

| Input: | |
|--------|--------|
| Document 1 | file://C:/data/DTL/Pleadings/2007-11-19 Motorola DJ complaint.doc |
| Document 2 | interwovenSite://KEDMS/LEGAL/12589550/3 |
| Rendering set | Basic K&E |

| Legend: |
|---------|
| **<u>Insertion</u>** |
| ~~Deletion~~ |
| *Moved from* |
| *<u>Moved to</u>* |
| Style change |
| Format change |
| Moved deletion |
| Inserted cell |
| Deleted cell |
| Moved cell |
| Split/Merged cell |
| Padding cell |

| Redline Summary: | | |
|---------|---------|---------|
| **No.** | **Change** | **Text** |
| 1 | Insertion | MOTOROLA, INC., |
| 2 | Insertion | ) |
| 3 | Insertion | ) |
| 4 | Insertion | Civil Action No. 07-10436 (CLB) (GAY) |
| 5 | Insertion | District Judge Charles L. Brieant |
| 6 | Insertion | Magistrate Judge George A. Yanthis |
| 7 | Change | "COMPLAINT FOR DECLARATORY JUDGMENT" changed to "AMENDED COMPLAINT FOR DECLARATORY JUDGMENT" |
| 8 | Insertion | ) |
| 9 | Insertion | Plaintiff, Counter-Defendant, |
| 10 | Insertion | ) |
| 11 | Insertion | ) |

| 12 | Insertion | v. |
| 13 | Insertion | ) |
| 14 | Insertion | ) |
| 15 | Insertion | ) |
| 16 | Deletion | MOTOROLA, INC., |
| 17 | Deletion | Plaintiff, |
| 18 | Deletion | v. |
| 19 | Deletion | Defendant. |
| 20 | Deletion | ) |
| 21 | Deletion | ) |
| 22 | Deletion | ) |
| 23 | Deletion | ) |
| 24 | Deletion | ) |
| 25 | Deletion | ) |
| 26 | Deletion | ) |
| 27 | Deletion | ) |
| 28 | Deletion | ) |
| 29 | Deletion | ) |
| 30 | Deletion | ) |
| 31 | Deletion | ) |
| 32 | Insertion | ) |
| 33 | Insertion | Defendant, Counter-Plaintiff. |
| 34 | Insertion | ) |
| 35 | Change | "**COMPLAINT**" changed to "**AMENDED COMPLAINT**" |
| 36 | Change | "Motorola, Inc....Defendant Digital" changed to "Motorola, Inc....Defendant Digital" |
| 37 | Change | "States Patent and...references that Mr. Paul" changed to "States Patent and...references that Mr. Paul" |
| 38-39 | Insertion | 19.    During prosecution of...view of the prior art. |
| 40 | Change | "This failure to cite material prior" changed to "19. This failure to cite material prior" |

| 41-42 | Change | "failure to cite material...with an intent to" changed to "failure to cite material...with an intent to" |
|---|---|---|
| 43 | Change | "with an intent to...inequitable conduct" changed to "with an intent to...inequitable conduct" |
| 44 | Change | "A judicial declaration of non-infringement," changed to "20. A judicial declaration of non-infringement," |
| 45-46 | Change | "Dated: November 19, 2007   Respectfully submitted," changed to "Dated: March 21, 2008   Respectfully submitted," |
| 47 | Deletion | _____ |
| 48 | Deletion | John M. Desmarais (JD 6460) |
| 49 | Deletion | Jon T. Hohenthaner (JH 1000) |
| 50 | Deletion | KIRKLAND & ELLIS LLP |
| 51 | Moved from | 153 East 53rd Street |
| 52 | Moved from | New York, New York 10022-4611 |
| 53 | Deletion | (212) 446-4800 (telephone) |
| 54 | Deletion | (212) 446-4900 (facsimile) |
| 55 | Deletion | jdesmarais@kirkland.com |
| 56 | Moved from | jhohenthaner@kirkland.com |
| 57 | Deletion | OF COUNSEL: |
| 58 | Insertion | /s/Michael I. Cohen |
| 59 | Insertion | Russell E. Levine, P.C. (RL2466) |
| 60 | Deletion | micohen@kirkland.com |
| 61 | Insertion | John M. Desmarais, P.C. (JD6460) |
| 62 | Insertion | Jon T. Hohenthaner (JH1000) |
| 63 | Insertion | KIRKLAND & ELLIS LLP |
| 64 | Insertion | Citigroup Center |
| 65 | Moved to | 153 East 53rd Street |
| 66 | Moved to | New York, New York 10022-4611 |
| 67 | Insertion | (212) 446-6466 (telephone) |
| 68 | Insertion | (312) 660-0766 (facsimile) |
| 69 | Insertion | jdesmarais@kirkland.com |
| 70 | Moved to | jhohenthaner@kirkland.com |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 35 |
| Deletions | 29 |
| Moved from | 3 |

| | |
|---|---:|
| Moved to | 3 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 70 |

# EXHIBIT D

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MOTOROLA, INC., | ) | |
| | ) | Civil Action No. 07-10436 (CLB) (GAY) |
| | ) | |
| Plaintiff, Counter-Defendant, | ) | District Judge Charles L. Brieant |
| | ) | |
| v. | ) | **Magistrate Judge George A. Yanthis** |
| | ) | |
| | ) | |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | |
| | ) | **DEMAND FOR JURY** |
| | ) | **TRIAL**Document Filed Electronically |
| Defendant, Counter-Plaintiff. | ) | |

**PLAINTIFF MOTOROLA, INC.'S'S FIRST AMENDED REPLY TO
DIGITAL TECHNOLOGY LICENSING LLC'S AMENDED COUNTERCLAIM**

Plaintiff/Counter-Defendant Motorola, Inc. ("Motorola") for its Reply to

Defendant/Counter-Plaintiff Digital Technology Licensing LLC's ("DTL") Amended

Counterclaim repeats its demand for a jury trial and hereby replies as follows:

1.      Motorola admits the allegations of Paragraph 1.

2.      Motorola admits the allegations of Paragraph 2.

3.      Motorola admits that DTL's Counterclaim purports to recite an action arising under

the Patent Laws of the United States.  Motorola further admits that this Court has jurisdiction over

the subject matter of this case pursuant to 28 U.S.C. §§ 1338(a).

4.      Motorola admits that it supplies and/or has supplied telecommunications carriers,

including Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, and T-Mobile

USA, with digital cellular handsets, digital cellular infrastructure equipment, and other wireless

communications equipment in the United States generally, and in the Southern District of New

York.  Motorola denies the remaining allegations of Paragraph 4.

5.     Motorola admits that venue is proper in this jurisdiction.

6.     Motorola admits that this Court has personal jurisdiction over Motorola.  Motorola denies the remaining allegations of Paragraph 6.

7.     Motorola admits that U.S. Patent No. 5,051,799 (the "'799 patent") is entitled "Digital Output Transducer" and issued on September 24, 1991.  Motorola further admits that the '799 patent, on its face, identifies Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello as named inventors.  Motorola denies that the '799 patent was legally issued.  Motorola lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and accordingly denies them.

8.     Motorola admits that DTL purports to be the owner by assignment of the '799 patent.  Motorola lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and accordingly denies them.

9.     Motorola denies the allegations of Paragraph 9.

10.     Motorola denies the allegations of Paragraph 10.

11.     Motorola denies the allegations of Paragraph 11.

12.     Motorola denies that DTL is entitled to any remedy from this Court, at law or otherwise.

WHEREFORE, Motorola denies that DTL is entitled to any judgment against Motorola and further replies that:

A.     Motorola denies that there has been any infringement by Motorola and denies that any order against Motorola is warranted;

2

B.      Motorola denies that the '799 patent is valid and enforceable and, therefore, denies that a judicial declaration that the '799 patent is valid and enforceable is either possible or warranted;

C.      Motorola is entitled to a judicial declaration that its products do not infringe any valid and enforceable claim of the '799 patent, that the claims of the '799 patent are invalid, and that the '799 patent is unenforceable and, accordingly, denies that Motorola's claims should be dismissed;

D.      Motorola denies that there has been any infringement by Motorola and denies that any injunction against Motorola is warranted;

E.      Motorola denies that there has been any infringement by Motorola, denies that DTL is entitled to damages of any kind, treble or otherwise, and denies that DTL is entitled to interest of any kind from Motorola;

F.      Motorola denies that  DTL is entitled to recover its attorneys' fees from Motorola pursuant to 28 U.S.C. § 285;

G.      Motorola denies that DTL is entitled to costs;

H.      Motorola denies that DTL is entitled to relief of any kind from this Court.

**AFFIRMATIVE DEFENSES**

Motorola alleges and asserts the following defenses in response to the allegations of DTL's Amended Counterclaim, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

**First Affirmative Defense**

Motorola has not infringed, contributed to the infringement of, and induced others to infringe any valid and enforceable claim of the **'799 patent.  Motorola cannot contribute to or**

**induce the alleged infringement of any party who has a valid and enforceable license to the '799 patent because there is no direct infringement as the licensed party's activities are licensed under the '**799 patent.

### Second Affirmative Defense

The claims of the '799 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense

The '799 patent is unenforceable because of inequitable conduct committed by the patent applicants during the prosecution of the application that led to the issuance of the '799 patent.  As support for this affirmative defense, Motorola repeats, realleges and incorporates by reference the allegations and averments in Paragraphs 18 through 21 of Motorola's Complaint for Declaratory Judgment filed in this proceeding.

### Fourth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred or estopped based on arguments and amendments contained in the prosecution history for the '799 patent.

### Fifth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, under the doctrine of laches and/or the doctrine of equitable estoppel.

### Sixth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, under 35 U.S.C. § 286 for all events occurring more than six years prior to the filing in this action.

**Seventh Affirmative Defense**

DTL's eCounterclaim for damages for the alleged infringement is barred, at least in part, for failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. § 287.

**Eighth Affirmative Defense**

DTL's eCounterclaim for alleged infringement is barred, at least in part, by express or implied license and/or by the doctrine of patent exhaustion.

**<u>Ninth Affirmative Defense</u>**

**DTL's Counterclaim for damages for the alleged infringement is barred, at least in part, because Defendant has received full compensation from parties who are licensed under the '799 patent for any alleged infringement.**

Dated: ~~January 18,~~**March 21,** 2008          Respectfully submitted,

/s /Michael I. Cohen

Russell E. Levine, P.C. (RL2466)
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
rlevine@kirkland.com
pcollier@kirkland.com
micohen@kirkland.com

John M. Desmarais, P.C. (JD6460)
Jon T. Hohenthaner (JH1000)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-6466 (telephone)
(312) 660-0766 (facsimile)
jdesmarais@kirkland.com
jhohenthaner@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

Document comparison done by Workshare DeltaView on Friday, March 21, 2008 5:40:47 PM

| Input: | |
|---|---|
| Document 1 | file://C:/data/DTL/Pleadings/2008-01-18 Mot Reply Opp DTL Amended Counterclaim (27).doc |
| Document 2 | interwovenSite://KEDMS/LEGAL/12589630/4 |
| Rendering set | Basic K&E |

| Legend: | |
|---|---|
| **Insertion** | |
| ~~Deletion~~ | |
| *Moved from* | |
| *Moved to* | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Redline Summary: | | |
|---|---|---|
| No. | Change | Text |
| 1 | Insertion | MOTOROLA, INC., |
| 2 | Insertion | Magistrate Judge George A. Yanthis |
| 3 | Deletion | Document Filed Electronically |
| 4 | Insertion | ) |
| 5 | Change | "MOTOROLA, INC." changed to "PLAINTIFF MOTOROLA, INC." |
| 6-7 | Change | "MOTOROLA, INC.'S REPLY TO" changed to "MOTOROLA, INC.'S FIRST AMENDED REPLY TO" |
| 8-9 | Change | "Plaintiff...Inc. ("Motorola" changed to "Plaintiff...Inc. ("Motorola" |
| 10-11 | Change | "Motorola") for its Reply...laintiff" changed to "Motorola") for its Reply...laintiff" |
| 12-13 | Change | "s ("DTL" changed to "s ("DTL" |
| 14-15 | Change | "DTL") Amended Counterclaim repeats its" |

| | | changed to "DTL") Amended Counterclaim repeats its" |
|---|---|---|
| 16-17 | Change | "U.S. Patent No. 5,051,799 (the "799 patent" changed to "U.S. Patent No. 5,051,799 (the "'799 patent" |
| 18-19 | Change | "799 patent") is entitled" changed to "799 patent") is entitled" |
| 20-21 | Change | ") is entitled "Digital Output Transducer" changed to ") is entitled "Digital Output Transducer" |
| 22-23 | Change | "Digital Output...on September 24, 1991." changed to "Digital Output...on September 24, 1991." |
| 24-25 | Change | "Motorola further admits...on its face, identifies" changed to "Motorola further admits...on its face, identifies" |
| 26-27 | Change | "inventors.  Motorola...was legally issued." changed to "inventors.  Motorola...was legally issued." |
| 28-29 | Change | "the owner by assignment...lacks sufficient" changed to "the owner by assignment...lacks sufficient" |
| 30-31 | Change | "B.     Motorola denies that...is valid and enforceable" changed to "B. Motorola denies that...is valid and enforceable" |
| 32-33 | Change | "a judicial declaration...is valid and enforceable" changed to "a judicial declaration...is valid and enforceable" |
| 34-35 | Change | "valid and enforceable...that the claims of the" changed to "valid and enforceable...that the claims of the" |
| 36-37 | Change | "patent, that the claims...are invalid, and that" changed to "patent, that the claims...are invalid, and that" |
| 38-39 | Change | "patent are invalid, and...is unenforceable and," changed to "patent are invalid, and...is unenforceable and," |
| 40-41 | Change | "accordingly, denies that...should be dismissed;" changed to "accordingly, denies that...should be dismissed;" |
| 42-43 | Change | "entitled to recover its...Motorola pursuant to" |

| | | changed to "entitled to recover its...Motorola pursuant to" |
|---|---|---|
| 44-45 | Change | "valid and enforceable claim of the '799 patent." changed to "valid and enforceable...under the '799 patent." |
| 46-47 | Change | "The claims of the '799...are invalid for failure" changed to "The claims of the '799...are invalid for failure" |
| 48-49 | Change | "The '799 patent is unenforceable because" changed to "The '799 patent is unenforceable because" |
| 50-51 | Change | "that led to the issuance... As support for this" changed to "that led to the issuance... As support for this" |
| 52-53 | Change | "Paragraphs 18 through 21...for Declaratory Judgment" changed to "Paragraphs 18 through 21...for Declaratory Judgment" |
| 54-55 | Change | "s counterclaim" changed to "s Counterclaim" |
| 56-57 | Change | "the prosecution history for the '799 patent." changed to "the prosecution history for the '799 patent." |
| 58-59 | Change | "s counterclaim" changed to "s Counterclaim" |
| 60-61 | Change | "s counterclaim" changed to "s Counterclaim" |
| 62-63 | Change | "s counterclaim" changed to "s Counterclaim" |
| 64-65 | Change | "s counterclaim" changed to "s Counterclaim" |
| 66 | Insertion | Ninth Affirmative Defense |
| 67-68 | Change | "" changed to "DTL's Counterclaim for...alleged infringement." |
| 69-70 | Change | "Dated: January 18, 2008             Respectfully submitted," changed to "Dated: March 21, 2008             Respectfully submitted," |
| 71 | Change | "/s Michael I. Cohen" changed to "/s /Michael I. Cohen" |
| 72 | Insertion | Attorneys for Plaintiff Motorola, Inc. |

**Statistics:**

|                | Count |
| -------------- | ----: |
| Insertions     | 39    |
| Deletions      | 33    |
| Moved from      | 0    |
| Moved to       | 0     |
| Style change   | 0     |
| Format changed | 0     |
| Total changes  | 72    |

# EXHIBIT E

#6

## DECLARATION OF COMMERCIAL SUCCESS
### As the below named inventors, we hereby declare that:

1. Our residence, post office address, and citizenship are as stated below next to our names.



2. The invention claimed in the attached application is a digital output transducer.

3. Digital output transducers, in accordance with the claims of the above application, are currently being produced and sold by ARIEL, INC., under license from applicants. Enclosed is a specification sheet/advertisement from ARIEL, INC. for such digital output transducers.

4. Such Digital output transducers sell for $600.00.

5. The Digital output transducer has achieved commercial success in that between the dates of March 15, 1989 and November 1, 1990, a quantity of 150 finished and operable digital output transducers have been manufactured and shipped to professional customers and placed in use in the manner described in the above-titled application, Serial #07/313,069, filed February 17, 1989.

6. Based upon our extensive experience in the profession audio field, this represents an unqualified commercial success.

7. We hereby declare that all statements made herein of our own knowledge are true and that all statements made on information and belief are believed to be true, and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Title 18, United States Code, section 1001, and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

_____

Jon D. Paul, Applicant       16 November, 1990
2800 Third St.
San Francisco, California  94107


_____

Anthony M. Agnello, Applicant      16 November, 1990
407 Prospect Ave.
Princeton, N.J. 8050A

_____

Mark Clayton, Applicant       16 November, 1990
Shore Dr., Box 541, Rd. 4
New Windsor, N.Y. 12550

DTL-000113