**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| MOTOROLA, INC., | ) | |
| | ) | Civil Action No. 07-10436 (CLB) (GAY) |
| | ) | |
| Plaintiff, Counter-Defendant, | ) | District Judge Charles L. Brieant |
| | ) | |
| v. | ) | Magistrate Judge George A. Yanthis |
| | ) | |
| | ) | |
| DIGITAL TECHNOLOGY LICENSING LLC, | ) | |
| | ) | ECF Case |
| | ) | Document Filed Electronically |
| Defendant, Counter-Plaintiff. | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTOROLA'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND REPLY TO DTL'S COUNTERCLAIMS**

**I.     INTRODUCTION**

Plaintiff/Counter-Defendant Motorola, Inc. ("Motorola"), through its undersigned counsel, respectfully files this unopposed Motion for leave to file its Amended Complaint and First Amended Reply to DTL's Counterclaims pursuant to Federal Rule of Civil Procedure 15(a). Through these amendments, Motorola seeks (1) to expand the bases that support its allegation that the patent at issue is unenforceable for inequitable conduct of the named inventors during its prosecution, and (2) to plead a further affirmative defense that would preclude liability to Motorola for infringing activities where Defendant/Counter-Plaintiff Digital Technology Licensing LLC ("DTL") has received full compensation for such activities, such as pursuant to a license agreement, *i.e.*, the full compensation rule. *See Aro Mfg. Co. v. Convertible Top Replacement*, 377 U.S. 476, 502–13 (1964) ("*Aro II*") (explaining that once a patentee has recovered full compensation from one party, he may not recover again from another party based on the same infringing activity). Copies of Motorola's proposed Amended Complaint and First

Amended Reply to DTL's Counterclaims are attached as Exhibits A and B to the accompanying declaration of Paul D. Collier ("Collier Decl.").[1]

This unopposed Motion is brought within the time period that the Court set in its Scheduling Order for amending the pleadings. In addition, the factors used to consider a motion for leave to amend favor granting of the Motion: (1) Motorola has not unduly delayed in bringing this Motion—the pleadings are being amended within the time period that the Court set for amendment, and discovery is ongoing and over three months of the discovery period remain; (2) Motorola has no bad faith or dilatory motive for seeking leave to amend; (3) DTL will not be unduly prejudiced by allowing amendment of the pleadings—discovery is ongoing, and DTL does not oppose the amendment; and (4) the amendments are not futile. *See, e.g.*, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Because no compelling bases exist to warrant its denial, Motorola respectfully requests that the Court grant Motorola's unopposed motion for leave to file its amended complaint and first amended reply to DTL's counterclaims. *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) ("Amendments should be granted liberally."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

## II.   STATEMENT OF FACTS

This is a patent infringement case. Motorola filed the declaratory judgment complaint against DTL on November 19, 2007, seeking a finding that Motorola does not infringe U.S. Patent No. 5,051,799 ("the '799 patent") and that such patent is invalid and unenforceable. DTL answered on December 10, 2007, and then filed an amended answer on January 10, 2008. The

---

[1] Motorola attaches to the Collier Decl. as Exhibits C and D a redline version of the amended pleadings that highlight the proposed amendments.

Court entered the Scheduling Order on January 23, 2008, which permits the filing of amended pleadings until March 21, 2008, and that sets the close of discovery as June 20, 2008. (Docket Entry 28.)

Motorola seeks to amend its pleadings to expand its inequitable conduct allegations and to assert the full compensation rule as an affirmative defense. Discovery provides support for expanding Motorola's inequitable conduct allegation in that Motorola contends that the inventors made material representations in a declaration submitted to the U.S. Patent and Trademark Office ("PTO") to support allowance of the '799 patent. Collier Decl. ¶6. And to the extent that DTL's infringement theories are based on infringement activities for which DTL has already received full compensation from other entities, such as pursuant to license agreements that it has executed with such entities, Motorola asserts the full compensation rule as an affirmative defense.

On March 20, 2008, counsel for Motorola and counsel for DTL conferred regarding the substance of this Motion, and DTL informed Motorola that it does not oppose the Motion. Collier Decl. ¶1.

**III.   ARGUMENT**

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave to amend the pleadings when justice so requires. The Supreme Court has explained that leave to amend should be granted absent (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendments previously allowed, (4) undue prejudice, or (5) futility of the amendment. *Foman*, 371 U.S. at 182. Because none of the *Foman* factors are

present here,[2] the Court should grant Motorola's unopposed motion for leave to amend its pleadings.

      **A.**      **There Has Been No Undue Delay.**

The passage of time alone does not preclude a court from granting a motion to amend. *Fluor*, 654 F.2d at 856 ("Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend."); *see also Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987). And here, there has been no substantial passage of time since Motorola served its pleading, and Motorola has not unduly delayed presenting this Motion. Further, discovery in this action only recently commenced and is not scheduled to close until June 30, 2008. (Docket Entry 28.) Most importantly, Motorola seeks to amend its pleadings within the time allotted in the Court's Scheduling Order. (*See id.*)

      **B.**      **There Has Been No Bad Faith or Dilatory Motive.**

Motorola is not seeking any modification of the Court's Scheduling Order based on these amendments, but merely seeks timely amendments for which it has legal support. Accordingly, there is no evidence of bad faith or dilatory motive on the part of Motorola. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."); *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) ("REDCO's claim against Merrill is, at this stage, colorable and from the record it does not appear that REDCO, in seeking to amend its complaint, is guilty of undue delay or bad faith.").

---

[2] The present Motion is Motorola's first effort to amend its pleadings, and thus factor three does not apply.

### C.  There Will Be No Undue Prejudice to DTL.

For evaluating whether the nonmoving party will be unduly prejudiced, a court considers whether the amendments would (1) "require the opponent to expend significant additional resources to conduct discovery and prepare for trial," or (2) "significantly delay the resolution of the dispute." *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, __ F.R.D. __, No. 05 Civ 6430, 2008 WL 465072, at *6 (S.D.N.Y. Feb. 15, 2008) (quoting *Block*, 988 F.2d at 350). Here, none of the proposed amendments introduce new discovery burdens nor require knowledge of facts not already known to DTL. *See Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 1999); *Fluor*, 654 F.2d at 856 ("[I]t appears that the amendment will not involve a great deal of additional discovery."). Motorola's proposed amendment to plead the full compensation rule as an affirmative defense is rooted in license agreements that are discoverable under other claims and defenses of the case, such as damages and Motorola's licensing defense, and thus Motorola's amendment to add this defense does not expand the discovery burden in this case. *See Fluor*, 654 F.2d at 856 (recognizing that "[t]he amended claim was obviously one of the objects of discovery and related closely to the original claim"). Nothing in the record indicates that the proposed amendments will "significantly delay the resolution of the dispute," and Motorola does not seek to modify the schedule because of them. Accordingly, DTL will not be unduly prejudiced by these amendments. *See Colida v. Nokia Am. Corp.*, No. 05 Civ 9920, 2006 WL 2597902, at *3 (S.D.N.Y. Sept. 11, 2006) (granting plaintiff's second motion to amend where no undue prejudice or delay to proceedings).

### D.  Motorola's Proposed Amendments Are Not Futile.

Motorola first seeks to amend its reply to assert the full compensation rule as an affirmative defense. The full compensation rule provides that once a patentee has received full compensation from one party, he may not recover again from another party for the same act of

infringement. *See Aro II*, 377 U.S. at 503. Indirect infringement is not considered a separate act of infringement, but rather an alternative theory by which a patentee can recover for a given direct infringement. *See id.* at 511–12. Thus, to the extent that a patentee has received full compensation from a direct infringer, such as a licensee, he cannot receive further compensation from an indirect infringer for the same infringement. *See id.* at 512.

DTL claims that Motorola indirectly infringes the '799 patent. It is Motorola's understanding that DTL has licensed the '799 patent to certain entities, including handset manufacturers and network carriers who use Motorola handsets, radios, and network equipment accused in this case. Consequently, to the extent that DTL alleges indirect infringement against Motorola based on direct infringement conducted by one or more of these licensed entities, Motorola cannot be held liable under the full compensation rule. Motorola thus seeks to assert the full compensation rule as an affirmative defense to preclude DTL from recovering damages where it has already received full compensation for the alleged infringement.

Motorola second seeks to amend to expand its inequitable conduct allegations. It is Motorola's understanding that during prosecution of the '799 patent, the PTO examiner rejected the claims in view of the prior art. To overcome this rejection, the inventors represented to the examiner through a declaration that the alleged invention had attained commercial success. Collier Decl. ¶6. However, it is Motorola's contention based on the discovery received that the '799 inventors made material representations in the declaration, including inflating the number of alleged patented devices commercially sold. Motorola contends that discovery will reveal that these misrepresentations regarding commercial success were undertaken with an intent to deceive, rendering the '799 patent unenforceable due to inequitable conduct. *See Nilssen v.*

6

*Osram Sylvania, Inc.*, 504 F.3d 1223, 1229 (Fed. Cir. 2007). For these reasons, Motorola's proposed amendments have legal merit and are not futile.

## IV.  CONCLUSION

For the foregoing reasons, Motorola respectfully requests that the Court grant its unopposed motion for leave to file its Amended Complaint and First Amended Reply to DTL's Counterclaims.

Dated: March 21, 2008

Respectfully submitted,
/s/ Michael I. Cohen

Russell E. Levine, P.C. (RL2466)
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
rlevine@kirkland.com
pcollier@kirkland.com
micohen@kirkland.com

John M. Desmarais, P.C. (JD6460)
Jon T. Hohenthaner (JH1000)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-6466 (telephone)
(312) 660-0766 (facsimile)
jdesmarais@kirkland.com
jhohenthaner@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTOROLA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COMPLAINT AND REPLY TO DTL'S COUNTERCLAIMS** was served on counsel of record as listed below via electronic mail on March 21, 2008:

*Attorneys for Defendant Digital Technology Licensing LLC*

Steven L. Procaccini, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 518-6373
Fax: (908) 654-7866
sprocaccini@ldlkm.com


   /s/ Michael I. Cohen

*Attorney for Plaintiff Motorola, Inc.*