Stanley S. Zinner
58 South Service Road, Suite 410
Melville, NY 11747
Tel: 631.414.7730
Fax: 631.414.7732

Stephen F. Roth
Orville R. Cockings
Steven L. Procaccini
LERNER, DAVID, LITTENBERG,
 KRUMHOLZ & MENTLIK, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: 908.654.5000
Fax: 908.654.7866
*Attorneys for Defendant Digital Technology Licensing LLC*

**Document Filed Electronically**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOTOROLA, INC., <br>               Plaintiff, <br> v. <br><br> DIGITAL TECHNOLOGY LICENSING LLC, <br><br>               Defendant. | Civil Action No. <br> 07-10436 (CLB)(GAY) <br><br> District Judge Charles L. Brieant |
| DIGITAL TECHNOLOGY LICENSING LLC, <br><br>                Third-Party Plaintiff, <br> v. <br><br> SPRINT NEXTEL CORPORATION, <br> CELLCO PARTNERSHIP d/b/a VERIZON <br> WIRELESS, and T-MOBILE USA, INC. <br><br>                Third-Party Defendants. | |

**DIGITAL TECHNOLOGY LICENSING LLC'S
SECOND AMENDED ANSWER, AFFIRMATIVE
<u>DEFENSES, COUNTERCLAIM AND DEMAND FOR TRIAL BY JURY</u>**

Defendant Digital Technology Licensing LLC ("DTL"), a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740, by and through its counsel, responds to the allegations contained in the Amended Complaint by plaintiff Motorola, Inc. ("Motorola") as follows:

## PARTIES

1. Admitted.

2. Admitted.

## NATURE OF ACTION

3. DTL admits the allegation contained in paragraph 3 of the Amended Complaint, despite DTL's belief that Motorola's claims are meritless.

## JURISDICTION

4. Admitted.

## VENUE

5. Admitted.

## FACTUAL BACKGROUND

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. DTL denies the allegations contained in paragraph 10 of the Amended Complaint but admits there is a controversy.

## COUNT I

**(Declaratory Judgment Action For A Declaration Of Non-Infringement, Invalidity And Unenforceability Of U.S. Patent No. 5,051,799)**

11. DTL repeats, realleges, and incorporates herein the statements made with respect to plaintiff's allegations contained in paragraphs 1-10 hereof.

12. Admitted.

13. DTL denies the allegations contained in paragraph 13 of the Amended Complaint.

14. DTL denies the allegations contained in paragraph 14 of the Amended Complaint.

15. DTL denies the allegations contained in paragraph 15 of the Amended Complaint.

16. DTL denies the allegations contained in paragraph 16 of the Amended Complaint.

17. DTL denies the allegations contained in paragraph 17 of the Amended Complaint.

18. DTL denies the allegations contained in paragraph 18 of the Amended Complaint.

19. DTL denies the allegations contained in paragraph 19 of the Amended Complaint.

20. DTL denies the allegations contained in paragraph 20 of the Amended Complaint.

21. DTL denies the allegations contained in paragraph 21 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

The claims alleged against DTL by Motorola are barred, in whole or in part, by the doctrine of laches.

## COUNTERCLAIMS

Defendant-counterclaim plaintiff Digital Technology Licensing LLC ("DTL"), having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740, for its counterclaim against plaintiff-counterclaim defendant Motorola, Inc. ("Motorola") hereby alleges as follows:

1. DTL is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 75 Montebello Park, Suffern, New York 10901-3740.

2. Motorola, is a Delaware corporation, having its principal place of business at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

3. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* Subject matter jurisdiction is conferred upon this Court under 28 U.S.C. § 1338(a).

4. Motorola is engaged in supplying, marketing, and selling equipment in the Southern District of New York, including equipment that comes within the scope of claim 20 of the '799 Patent.

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6. Personal jurisdiction over Motorola comports with the United States Constitution because Motorola is committing and/or contributing to the acts of patent infringement alleged in this counterclaim in this district.

7. On September 24, 1991, United States Patent No. 5,051,799 ("the '799 Patent") entitled "Digital Output Transducer," was duly and lawfully issued based upon an application filed by the inventors, Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello.

8. DTL is the owner by assignment of the '799 Patent and has the right to sue and recover damages for infringement thereof.

9. Motorola has directly and/or contributorily infringed, and/or induced infringement of, and is continuing to directly and/or contributorily infringe, and/or induce infringement of, the '799 Patent by selling and offering to sell products and by using and inducing others to sell, offer to sell, products, that come within the scope of claim 20 of the '799 Patent. Upon information and belief, such products include, but are not limited to digital cellular telephones; infrastructure used for the implementation of digital cellular telephones and placing digital telephone calls; accessories for digital cellular telephones,

including headsets for same; Bluetooth compatible electronics for transmission of audio signals; Bluetooth telephone headsets; and such other and further devices, infrastructure and equipment that Motorola sells that comes within the scope of claim 20 of the '799 Patent.

10. Upon information and belief, after reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that the acts of infringement of Motorola have occurred with knowledge of the '799 Patent and are willful and deliberate. This action, therefore, is "exceptional" within the meaning of 35 U.S.C. § 285.

11. DTL has been damaged by the infringement by Motorola and is suffering, and will continue to suffer, irreparable harm and damage as a result of this infringement, unless such infringement is enjoined by this Court.

12. DTL has no adequate remedy at law.

WHEREFORE, DTL demands judgment as follows:

A. an order adjudging Motorola to have infringed the '799 Patent;

B. an judicial declaration that the '799 Patent is valid and enforceable;

C. a dismissal of Motorola's claims with prejudice;

D. a permanent injunction enjoining Motorola, together with its officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise, from infringing the '799 Patent;

E.   an award of damages adequate to compensate DTL for the infringement of Motorola, along with prejudgment and postjudgment interest, but in no event less than a reasonable royalty, such damages to be trebled pursuant to the provisions of 35 U.S.C. § 284;

F.   an award of DTL's reasonable attorney fees and expenses, pursuant to the provisions of 35 U.S.C. § 285;

G.   an award of DTL's costs; and

H.   such other and further relief as this Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), DTL hereby demands a jury trial on all issues so triable raised in this action.

                                    LERNER, DAVID, LITTENBERG,
                                      KRUMHOLZ & MENTLIK, LLP
                                  *Attorneys for Plaintiff Digital*
                                      *Technology Licensing LLC*

Dated: April 28, 2008                By:   /s  Orville R. Cockings
                                             Orville R. Cockings
                                             Tel:    908.654.5000
                                             E-mail: ocockings @ldlkm.com
                                                      litigation@ldlkm.com

**OF COUNSEL**
Stanley S. Zinner
58 South Service Road, Suite 410
Melville, NY 11747
Tel:   631.414.7730
E-mail:  szinner@zinnerassociates.com

7

872971_1.DOC

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 1.6(a)**

The undersigned hereby certifies, pursuant to Local Civil Rule 1.6(a), that with respect to the matter in controversy herein, neither defendant nor defendant's attorney is aware of any other action pending in any court, or of any pending arbitration or administrative proceeding, to which this matter is subject. However, the patent at issue in this case is the subject matter in the following actions:

- *Digital Technology Licensing LLC v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 05-1922 (D.N.J. filed April 11, 2005);

- *Digital Technology Licensing LLC v. T-Mobile USA, Inc.,* Civil Action No. 07-cv-05273 (D.N.J. filed October 25, 2007);

- *Digital Technology Licensing LLC v. Sprint Nextel Corp.* Civil Action No. 07-cv-05432 (D.N.J. filed November 9, 2007);

- *Digital Technology Licensing LLC v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 08-cv 00477 (D.N.J. filed January 24, 2008)

Dated: April 28, 2008               LERNER, DAVID, LITTENBERG,
                                       KRUMHOLZ & MENTLIK, LLP
                                    *Attorneys for Plaintiff Digital
                                    Technology Licensing LLC*

                                    By:   s/ Orville Cockings
                                          Orville R. Cockings
                                          Tel:   908.654.5000
                                          Fax:   908.654.7866
                                          E-mail: ocockings@ldlkm.com
                                                  litigation@ldlkm.com

8

# CERTIFICATE OF SERVICE

I hereby certify that a true copy of the following documents:

1. DTL'S SECOND AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND DEMAND FOR TRIAL BY JURY

is being served upon the following counsel of record this 28th day of April, 2008, as follows:

**VIA ECF TRANSMISSION**

John M. Desmarais (JD 6460)
Jon T. Hohenthaner (JH 1000)
KIRKLAND & ELLIS LLP
153 East 53rd Street
New York, NY 10022-4611
Tel: 212.446.4800
Fax: 212.446.4900
E-Mail: jdesmarais@kirkland.com
           jhohenthaner@kirkland.com

OF COUNSEL:

Russell E. Levine, P.C.
Paul D. Collier
Michael I. Cohen
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
Tel:  312.861.2000
Fax:  312.861.2200
E-Mail: rlevine@kirkland.com
           pcollier@kirkland.com
           micohen@kirkland.com
           Service_Motorola_v_DTL@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

　　　　　　　　　　　　　　　　　　　　　　 s/  Orville Cockings
　　　　　　　　　　　　　　　　　　　　　　　Orville R. Cockings

DTL 6.0-006
Civil Action No. 07-cv-10436

873878_1.DOC