**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MOTOROLA, INC., | Civil Action No. 07-10436 (CLB) (GAY) |
| Plaintiff, Counter-Defendant, | District Judge Charles L. Brieant |
| v. | Magistrate Judge George A. Yanthis |
| DIGITAL TECHNOLOGY LICENSING LLC, | **DEMAND FOR JURY TRIAL** |
| Defendant, Counter-Plaintiff. | Document Filed Electronically |

**PLAINTIFF MOTOROLA, INC.'S SECOND AMENDED REPLY TO DIGITAL
TECHNOLOGY LICENSING LLC'S SECOND AMENDED COUNTERCLAIM**

Plaintiff/Counter-Defendant Motorola, Inc. ("Motorola") for its Second Amended Reply to Defendant/Counter-Plaintiff Digital Technology Licensing LLC's ("DTL") Second Amended Counterclaim repeats its demand for a jury trial and hereby replies as follows:

1. Motorola admits the allegations of Paragraph 1.

2. Motorola admits the allegations of Paragraph 2.

3. Motorola admits that DTL's Counterclaim purports to recite an action arising under the Patent Laws of the United States. Motorola further admits that this Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. §§ 1338(a).

4. Motorola admits that it supplies and/or has supplied telecommunications carriers, including Cellco Partnership d/b/a Verizon Wireless, Sprint Nextel Corporation, and T-Mobile USA, with digital cellular handsets, digital cellular infrastructure equipment, and/or other wireless communications equipment in the United States generally, and in the Southern District of New York. Motorola denies the remaining allegations of Paragraph 4.

5. Motorola admits that venue is proper in this jurisdiction.

6. Motorola admits that this Court has personal jurisdiction over Motorola. Motorola denies the remaining allegations of Paragraph 6.

7. Motorola admits that U.S. Patent No. 5,051,799 (the "'799 patent") is entitled "Digital Output Transducer" and issued on September 24, 1991. Motorola further admits that the '799 patent, on its face, identifies Jon D. Paul, Mark D. Clayton, and Anthony M. Agnello as named inventors. Motorola denies that the '799 patent was legally issued. Motorola lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7 and accordingly denies them.

8. Motorola admits that DTL purports to be the owner by assignment of the '799 patent. Motorola lacks sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 8 and accordingly denies them.

9. Motorola denies the allegations of Paragraph 9.

10. Motorola denies the allegations of Paragraph 10.

11. Motorola denies the allegations of Paragraph 11.

12. Motorola denies that DTL is entitled to any remedy from this Court, at law or otherwise.

WHEREFORE, Motorola denies that DTL is entitled to any judgment against Motorola and further replies that:

    A. Motorola denies that there has been any infringement by Motorola and denies that any order against Motorola is warranted;

B. Motorola denies that the '799 patent is valid and enforceable and, therefore, denies that a judicial declaration that the '799 patent is valid and enforceable is either possible or warranted;

C. Motorola is entitled to a judicial declaration that its products do not infringe any valid and enforceable claim of the '799 patent, that the claims of the '799 patent are invalid, and that the '799 patent is unenforceable and, accordingly, denies that Motorola's claims should be dismissed;

D. Motorola denies that there has been any infringement by Motorola and denies that any injunction against Motorola is warranted;

E. Motorola denies that there has been any infringement by Motorola, denies that DTL is entitled to damages of any kind, treble or otherwise, and denies that DTL is entitled to interest of any kind from Motorola;

F. Motorola denies that DTL is entitled to recover its attorneys' fees from Motorola pursuant to 28 U.S.C. § 285;

G. Motorola denies that DTL is entitled to costs;

H. Motorola denies that DTL is entitled to relief of any kind from this Court.

## AFFIRMATIVE DEFENSES

Motorola alleges and asserts the following defenses in response to the allegations of DTL's Amended Counterclaim, undertaking the burden of proof as to only those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense

Motorola has not infringed, contributed to the infringement of, and induced others to infringe any valid and enforceable claim of the '799 patent. Motorola cannot contribute to or induce the alleged infringement of any party who has a valid and enforceable license to the '799

patent because there is no direct infringement as the licensed party's activities are licensed under the '799 patent.

### Second Affirmative Defense

The claims of the '799 patent are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including, without limitation, the requirements of 35 U.S.C. §§ 102, 103, and/or 112.

### Third Affirmative Defense

The '799 patent is unenforceable because of inequitable conduct committed by the patent applicants during the prosecution of the application that led to the issuance of the '799 patent. As support for this affirmative defense, Motorola repeats, realleges and incorporates by reference the allegations and averments in Paragraphs 18 through 21 of Motorola's Complaint for Declaratory Judgment filed in this proceeding.

### Fourth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred or estopped based on arguments and amendments contained in the prosecution history for the '799 patent.

### Fifth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, under the doctrine of laches and/or the doctrine of equitable estoppel.

### Sixth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, under 35 U.S.C. § 286 for all events occurring more than six years prior to the filing in this action.

### Seventh Affirmative Defense

DTL's Counterclaim for damages for the alleged infringement is barred, at least in part, for failure to allege compliance with (and failure to comply with) the requirements of 35 U.S.C. § 287.

### Eighth Affirmative Defense

DTL's Counterclaim for alleged infringement is barred, at least in part, by express or implied license and/or by the doctrine of patent exhaustion.

### Ninth Affirmative Defense

DTL's Counterclaim for damages for the alleged infringement is barred, at least in part, because Defendant has received full compensation from parties who are licensed under the '799 patent for any alleged infringement.

Dated: May 5, 2008	Respectfully submitted,

    /s/ Adam M. Greenfield

Russell E. Levine, P.C. (RL2466)
Paul D. Collier
Kal K. Shah
Michael I. Cohen
Aaron B. Goodman
Matthew Topic
Adam M. Greenfield
KIRKLAND & ELLIS LLP
200 E. Randolph Dr.
Chicago, Illinois 60601
(312) 861-2000 (telephone)
(312) 861-2200 (facsimile)
rlevine@kirkland.com
pcollier@kirkland.com
kshah@kirkland.com
micohen@kirkland.com
agoodman@kirkland.com
mtopic@kirkland.com
amgreenfield@kirkland.com

John M. Desmarais, P.C. (JD6460)
Jon T. Hohenthaner (JH1000)
KIRKLAND & ELLIS LLP
Citigroup Center
153 East 53rd Street
New York, New York 10022-4611
(212) 446-6466 (telephone)
(312) 660-0766 (facsimile)
jdesmarais@kirkland.com
jhohenthaner@kirkland.com

*Attorneys for Plaintiff Motorola, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFF MOTOROLA, INC.'S SECOND AMENDED REPLY TO DIGITAL TECHNOLOGY LICENSING LLC'S SECOND AMENDED COUNTERCLAIM** was served on counsel of record as listed below via electronic mail on May 5, 2008:

*Attorneys for Defendant Digital Technology Licensing LLC*

Orville R. Cockings, Esq.
Steven L. Procaccini, Esq.
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090-1497
Tel: (908) 518-6373
Fax: (908) 654-7866
ocockings@ldlkm.com
sprocaccini@ldlkm.com


   /s/ Adam M. Greenfield

*Attorney for Plaintiff Motorola, Inc.*